## PIERRE C. JACQUES *v.* HENRY KOPMAN.

In a sale made by the sheriff for taxes, under the act of 10th of March, 1845, the designation of a lot by its number, square and faubourg, is not sufficient, where the owner has had no notice of the sale.

APPEAL from the District Court of Jefferson, *Clark,* J. *J. J. Michel* and *Elliott,* for plaintiff. *Brewer, Dunbar* and *Harmon,* for defendant. The judgment of the court was pronounced by

SLIDELL, J. This is an action of slander of title; in which the plaintiff asks damages for the slander, and also to be quieted in his title and possession. The plaintiff, *Pierre Christopher Jacques,* purchased the property in question from *Kohn* and *Shiff,* on the 12th of January, 1844. It is described in the deed, as a lot of ground, situated in the faubourg Livaudais, of the parish of Jefferson, in this State, designated on a plan made by *Henry Mulhausen,* Surveyor, on the 4th of May, 1844, and deposited in the office of *Hermann,* a notary, in New Orleans, as lot No. 8, of square number 45, and bounded by Ninth, Live Oak and Laurel streets, and by the line dividing said faubourg Livaudais from suburb Delassize; said lot measuring, as per said plan, thirty-two feet front on said Laurel street, by a depth of one hundred feet between parallel lines, bounded,

on one side, by lot No. 9, and on the other side, by lot No. 7, and in the rear, by lot No. 6; together with all the rights, ways, servitudes, &c.

This deed was not recorded in the office of conveyances, in Jefferson parish, until 1847; but the plaintiff took actual possession and occupied the land prior to the tax sale, upon which the defendant relies.

The defendant, in his answer, sets up title under a tax sale made by the sheriff, on the 10th of October, 1845, in a proceeding entitled, *The State of Louisiana* v. *Jacques Pierre.* In the deed, which, we presume, corresponds with the advertisements, the only description given of the property is as follows: A lot of ground, in faubourg Livaudais, parish of Jefferson, designated by the No. 8, square 45. The deed transfers to the purchaser "the said before described property, and all the right and title which the said *Jacques Pierre* had in or to the said before described property." The lot No. 8, in square No. 45, Livaudais, was assessed in the name of *Pierre Jacques.*

The plaintiff does not appear to have had any notice of these proceedings, nor does it appear that an actual seizure was made. He has remained in possession ever since.

This sale was made under the act of 1845, (page 39) by which, in cases of non-payment of taxes, it is made the duty of the sheriff to seize the property assessed, "by virtue of the assessment roll in his possession, which shall be considered an execution, and proceed to sell the same in the manner and after the delays prescribed for ordinary executions." &c.

There was judgment for the plaintiff in the court below, quieting him in his title, and dismissing the reconventional demand of the defendant for the amount of the purchase money paid by him to the sheriff. The defendant has appealed.

We think, there is no error in the judgment. Without noticing the other points of informality alleged by the plaintiff, it is sufficient to say, that the defectiveness of description in this forced sale, of which the plaintiff had no notice, and to which he has given no actual or implied assent, is sufficient to invalidate it. It is obvious, that the interests of the owner must be sacrificed, when the advertisement is so vague as not, in itself, to inform bidders, with any approach to accuracy, what they are buying, nor the owner, that his property is to be sold. We adhere to the decision, on the same point, in a case of sale for taxes, reported in *Carmichael* v. *Akin's Heirs*, 13 L. R. 205, in which it was said, "the designation of the lot as No. 5, square No. 58, faubourg Annunciation, is insufficient."

We are unable to see how the non-registry of the plaintiff's deed can give validity to the sheriff's sale.

As to the reconventional demand, we see no reason why, in a case where there was no notice, and such gross irregularity, the owner should reimburse the purchaser the price paid; which, we presume, has either gone into the State treasury or is in the hands of the public officer, where the defendant can get it or a portion of it. If the district judge had ordered the plaintiff to reimburse to the defendant the amount of the tax, fifty-two and a half cents, we would not have disturbed his decree. But even if the defendant was entitled to reimbursement to that extent, it is too small a matter to authorize a reversal, and the consequent imposition upon the plaintiff of the costs of appeal.

Judgment affirmed, with costs.