WOODS
*v.*
WYLIE & EGANA.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## WILLS & RAWLINS *v.* CASPAR AUCH.

Under the well-established jurisprudence of this State in relation to sales of land for taxes, no title passes, by a forced sale, under a defective description.

Under the Act of 1847, the Tax Collector is required to give a certificate in writing to the purchaser of lands sold for taxes.  *Held*: that so to interpret the act as to make this certificate operate as a conveyance from the State, so as to vest an absolute title in the purchaser, and to establish it as evidence that all the formalities required by the Statute had been complied with, the language of the Statute must be imperative, and free from all ambiguity.  Such a power, given to subordinate ministerial officers, would be in derogation of private property, and ought to be construed strictly, and not enlarged by intendment.

All proceedings for the recovery of State taxes are in the name of the State, and whether the conveyance is in the name of the State, or of the tax gatherer, the conveyance is a sanction, and if not a legal one, it can touch no man's property.

A PPEAL from the District Court, Third District, Parish of Jefferson, *Clarke*, J.  *Bonford* and *Finney*, for plaintiff.  *R. N. Ogden*, for defendant and appellant.

EUSTIS, C. J.  This is a petitory action for the recovery of a lot of land situated on Rousseau street, between Jackson and Josephine streets, in that part of the city of New Orleans formerly called Lafayette.  There was judgment of the District Court in favor of the plaintiff, and the defendant has appealed.

The case turns on the validity of a sale for taxes, made by the Sheriff and Collector of Taxes of the Parish of Jefferson, on the 29th November, 1848, under an assessment for State taxes for the year 1847.

The only description under which this lot was sold, is the following:  "Nathan Rogers' property situated in Lafayette, sq. 9–2, lot 63, S. T., 8.53½."

On the assessment roll, and in the sale from the Sheriff, the word square is not abridged, but the number is left uncertain as to whether it is 9 or 2, and the defective description is not at all mended.

This lot having sixty feet front on Rousseau street, and valued on the assess-

WILLS & RAWLINS
v.
AUCH.

ment roll at $3200, was sold to the defendant and *William Dalton* for twenty-five dollars. In March, 1851, the defendant bought *Dalton's* interest in the lot for $600.

Under the well-established jurisprudence of this State in relation to sales of land for taxes, no title passed by a forced sale under such a description. *Jacques* v. *Klopman*, 6 Annual Reports, 542, and cases there cited.

The plaintiff's claim under an act of sale from *Nathan Rogers*, of date the 17th of March, 1851. The price stipulated is less than half of its assessed value, and the act makes mention of its having been sold for taxes to *Auch* and *Dalton*, and of the purchase of *Dalton's* interest by *Auch.* There is a clause of non-warranty in the act.

There is no objection to the validity of sales of this kind. Pothier Contract of sale, 186. We are of opinion that, by this act, the plaintiffs acquired all the interest and title of *Rogers* in the property, and can recover it, if he could recover it, and not otherwise. We are also of opinion that the defendants having acquired *Dalton's* undivided interest in the lot by a subsequent purchase, places him in no better situation in relation to his partner's share than he occupied as to his own, and that, so far as the plaintiffs are concerned, he is to be considered as a purchaser for the whole at the sheriff's sale.

It is admitted that the decisions are against the validity of a sale for taxes under a description like this—but, it is contended that, they were made in cases different in essential particulars from the present case, and under rules widely differing from those established by the act of 1847, which have never yet received the interpretation of this Court.

By the 58th section of this act, p. 175, it is provided that, "The collector shall give to the purchaser of any lands sold by him for taxes, a certificate in writing, describing the lands purchased, the sum paid, and the time when the said certificate shall have the force and effect of a deed." By section 59th of the same act, it is provided, "That the owner or occupant of any land, or any share of any lot or piece of land sold for taxes, or any creditor or agent of the owner, claimant or occupant, may redeem the same any time within two years after the day of sale, by paying to the purchaser, or the Treasurer of the State, for the use of the purchaser, his heirs and assigns, the sum mentioned on the certificate, with interest at the rate of twenty per cent. per annum from the date of such certificate."

And by section 60th, it is provided, "That if no person shall redeem such lands within two years, the said certificate shall, at the expiration thereof, operate in favor of the purchaser, his heirs and assigns, in the name of the State, as a conveyance of the real estate so sold, which *shall vest in the grantee an absolute estate*, subject to all claims which the State or parish may have thereon, for all taxes or other liens and incumbrances; *and such certificate to be a good and valid title after that time*, shall be acknowledged, proved and recorded, as all other sales of immovable property at judicial sales, and have the like force and effect."

It is contended that this introduces a radical change in the rules governing tax sales. In none of the former statutes do we find it declared that the sheriff's deed or certificate of sale shall, after a certain lapse of time, *have the force and effect of a deed*, "and shall operate in favor of the purchaser, in the name of the State, as a conveyance of the real estate, &c., *which shall vest in the grantee an absolute estate*," &c.; and further, "*that such certificate to be a good and valid title after that time*," &c.

To give full legal effect to these expressions, it is said, that the Legislature, seeing how futile tax sales had been, and how insufficient former legislation had

proved, and possessing the power to declare what should constitute proof of ti- tle in tax sales, determined, in order to correct an evil and an abuse, to enact, that for the future, in all such sales the sheriff, instead of making a deed at the time of sale, should grant a certificate, which, unless the owner redeem his property on prescribed conditions, within two years, should become itself full proof of title, and, *per se*, vest in the purchaser an absolute estate.

The proceedings under which this lot was sold were against Nathan Rogers as a non-resident proprietor, and his residence is proved to have been out of the State. By the revenue act of 1847 referred to, it is provided, under the title of assessment and duties of assessors, that the lands of non-residents shall be designated in the same assessment roll, but in a part thereof seperate from the other assessments, and in the manner *described hereinafter*. Section 25.

If the land be assessed as a tract or lot which is known by a name, or if the owners name be known, they shall designate it by those particulars, and by its boundaries. If it have no name, or the name be unknown, and if the owner be unknown, they shall designate it by *boundaries alone*. Section 26.

They shall set in a separate column the owners name, if known, the description of the tract or lot, and the valuation as directed in the case of other lands. Sect. 27.

It may have been competent for the Legislature, as contended by counsel, to make the certificate of the collector operate as a conveyance from the State, and vest an absolute title in the purchaser, and to establish it as evidence that all the formalities required by the statute had been complied with, and to have limited the time within which a tax sale could have been set aside at the instance of the owner.

The analogy urged in argument between this Act and the Act of 1834, concerning judicial sales, does not maintain itself, for in that Act express provision is made for the evidence and for the limitation. And construing this statute according to the rules established in jurisprudence, in order to give the certificate the effect contended, the words of the law ought to be imperative and free from all ambiguity. Such a power given to subordinate ministerial officers would be in derogation of private property, and ought to be construed strictly, and not enlarged by intendment. Dwarris on Statutes, 750.

We do not think that this part of the Act of 1847 materially changes the jurisprudence on the subject of the validity of tax sales. Nothing can be inferred from the insertion of the authority of the State and the name of the State. All proceedings for the recovery of State taxes are in the name of the State, and whether the conveyance is in the name of the State, or of the tax gatherer, the conveyance is a sanction, and if not a legal one, it can touch no man's property. The statute must be looked to throughout, divested of its verbiage, and construed with reference to the existing laws, and a regard for private right.

There is nothing that we perceive in the facts of this case which will prevent the plaintiffs from recovering. They were the agents of the owner, *Nathan Rogers*, and had their commercial domicil in New Orleans. They collected his rents and paid his taxes in New Orleans and the taxes in this bill. They neglected his business in not paying this tax of 1847, and fearing they might be responsible for their neglect, they bought it. Notwithstanding this, we think their right of property to the lot has not been defeated by the tax sale, or lost by their own acts.

The judgment of the District Court is, therefore, affirmed with costs.