Moses *v.* Dickinson.

---

### City Court.

*Trial Term—November,* 1885.

## HERMAN MOSES *against* ASA D. DICKINSON.

In order to maintain an action for malicious prosecution, the plaintiff is required to prove that the proceeding was instituted without probable cause, and was malicious.

The question of probable cause depends upon the prosecutor's belief, based upon reasonable grounds, such as would lead a discreet person to the belief that a crime had been committed.

Trial by the court without a jury.

*Max Altmyer,* for plaintiff.

*D. Gerber,* for defendant.

McADAM, Ch. J.—The defendant is credit clerk of Bates, Reed & Cooley, merchants, of this city. The plaint-

iff applied to that firm for credit, and, in order to procure it, represented to the defendant, on or about March 21, 1882, that he was commencing business with :

Cash...............................$2,500
Notes, &c...........................1,500

Making.........................$4,000

—and owed nothing whatever. On the faith of this statement, the firm credited him with goods aggregating $283.31. Subsequently, the plaintiff applied for an increased line of credit, and, in order to obtain it, made a statement of his condition. The parties differ as to the extent of that statement. The defendant swears that he took it down in writing at the time, in these words :

"BATES, REED & COOLEY,
New York, October 23, 1882.

*Name.* Herman Moses.
*Address.* Providence, R. I.
*Salesman.* Buckner.
*States.* Has just married the daughter of Schwarzsfelder the big butcher of Washington market, and shows me $2,000 in cash and deed for house and lot in One Hundred and Seventh street, worth $12,000 ; think him all right now.        A. D. D."

Buckner, the salesman, corroborated the defendant as far as possible, as to the fact that the defendant made these representations. The plaintiff obtained credit to the extent of $700, or thereabouts, and failed within four months thereafter, owing $18,000 to $19,000, with assets ranging in value (according to the evidence), from $5,000 to $14,000, and the assigned estate has since paid but a small dividend. After the failure, the defendant made a complaint before a police magistrate, and procured the plaintiff's arrest on the ground that he had obtained the goods in question upon a false statement as to his responsibility.

The plaintiff gave bail, and, upon the examination subsequently had, was discharged. The present action is for malicious prosecution.

In order to maintain the action, the plaintiff is required to prove that the proceeding was instituted without probable cause, and that the motive in instituting it was malicious (*Cooley on Torts*, 180, 181); for it is the right of every man to institute or set on foot criminal proceedings whenever he believes a public offense has been committed (*Ib.*). In Fagnan v. Knox (66 *N. Y.* 528), the court said: "The question of what constitutes probable cause does not depend upon whether the offense has been committed in fact, nor whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. The prosecutor may act upon appearances, and if the apparent facts are such that a discreet or pruden person would be led to the belief that the accused had committed a crime, he will not be liable in this action, although it may turn out that the accused was innocent.' The court adds : " If there is an honest belief of guilt, and there exists reasonable grounds for such belief, the party will be justified."

In Thaule v. Krekeler (81 *N. Y.* 428), the old rule is re-affirmed, that, "in an action for malicious prosecution, it is for the plaintiff to establish affirmatively the want of a reasonable and probable cause for the prosecution, *and that it was instituted for malice.*"

The proof offered by the plaintiff does not meet these requirements.

It does not appear that the defendant had any personal grievance against the plaintiff, or any ill will which he desired to gratify, or any purpose of his own he wished to accomplish by the plaintiff's arrest and possible conviction. He was merely an employee of a large dry goods house, and, believing that a wrong had been done, he first stated the facts to counsel of the firm, who advised an

Moses v. Dickinson.

arrest of the plaintiff. Acting upon this advice, the facts. were laid ┇before a police magistrate, who, regarding them as sufficient, issued the warrant upon which the arrest was made.

In an action for false imprisonment, Judge EMMOT, held : " If a person merely communicates facts or circumstances of suspicion to officers, leaving them to act on their own judgment and responsibility, he is not liable to an action therefor" (39 *Barb.* 264).

Judge COOLEY says that " the want of probable cause will not be inferred from the mere failure of the prosecution " (*Cooley on Torts*, 184).

The facts disclosed upon the trial do not show such an absence of probable cause as to imply malice on the part of the defendant. There were circumstances disclosed, which, on their face, and without satisfactory explanation, certainly looked suspicious. The presentation in October, 188 , of the $2,000 in money, with the deed of a $12,000 house, and marrying the daughter of a rich butcher, and, within four months thereafter, failing owing $18,000 to $19, 00 to various creditors for bills contracted.

Acting on these facts, on the advice of counsel, and with the approval of the police magistrate, the arrest was made. I cannot find, or infer from the proofs offered, that there was no probable cause, as there is every indication from the proofs that there was probable cause, without malice upon the part of the defendant, who acted, not for his own personal interest or gain, but for the protection of his employers and the public.

The arrest of the plaintiff was unfortunate, the day on which it was made was indeed an inconvenient one for the plaintiff, but the defendant did not know this, and is not, therefore, responsible for it. Upon the entire case, and principally for want of proof of the absence of probable cause and the existence of malice, there must be judgment for the defendant, with costs.

:How  Reversal of Judgment  Affects Probable Cause for Prose-
cution.

A decision just rendered by the supreme court of the United
.States holds that the reversal of a judgment which supported a pros-
ecution does not deprive that judgment of its quality as evidence
·of probable cause when an action for malicious prosecution is
῾brought.

The circumstances of the case were somewhat peculiar, but the
·decision is none the less authoritative.

The Crescent City Slaughter House Company, after having estab-
῾lished the validity of its monopoly in 16 *Wall.* 36,—the famous
" Slaughter House Cases,"—was vexed with a rival, the Butchers'
Union Slaughter House Company, which claimed the right to be
῾under subsequent Louisiana legislation. The courts of Lousiana
sustained this right, and the Crescent City Company then resorted to
῾the United States circuit court, where it filed an injunction bill, and
gave the usual injunction bond. The circuit court sustained the
bill ; but its judgment was reversed in the supreme court of the
῾United States, on the ground that the monopoly conferred by the
police power did not vest in contract, but might be taken away by
῾the same power (111 *U. S.* 746).

The Butchers' Union Company then sued on the injunction bond,
and with the demand thereon, against the Crescent City Company
.and its surety— a demand against the company alone for malicious
prosecution.

This practice, by the way, ought to be allowed by our Code if the
῾two causes of action can both be pressed.

The trial judge declined to hold that the successful judgment in
the United States court was evidence of probable cause, but left
῾this question to the jury, criticising that judgment as " both remark-
.able and extraordinary," on the ground, as he explained in his bill
of exceptions, that it set at defiance the decision of the State court,
.and the positive mandate of the State constitution, and had been
subsequently held wrong by the supreme court of the United
῾States.

Mr. Justice MATHEWS, in delivering the opinion on the present
.appeal, held this to be error. He supports, by careful examination
of the authorities, the doctrine that success in the prosecution is
·competent evidence of probable cause, notwithstanding subsequent
reversal of the adjudication. His analysis of the authorities is as
follows :

In the case of Senecal v. Smith (9 *Robinson*, 240), it had been pre-

Moses v. Dickinson.

viously decided that "in cases of this kind it is well settled that malice and the want of probable cause in the original action are essential ingredients. Malice may be expressly proved, or it may be inferred from the total want of a probable cause of action; but malice alone, however great, if there be a probable cause upon which the suit or prosecution is based, is insufficient to maintain an action in damages for a malicious prosecution."

In the case of Gould v. Gardner (8 La. Ann. 21) it was determined that the defendants in the case were not without probable cause for the arrest of the plaintiff, which was the ground of the action, because they acted by the advice of eminent and learned counsel, though his opinion was held to be erroneous. The court refer to the case of Stone v. Swift (4 Pickering, 389) in Massachusetts, and that of Foshay v. Ferguson (2 Denio, 619) in New York as sufficient authority in support of their opinion, and add as follows : " Our code and statutes have not provided any rules to guide us on the trial of such actions, and we are governed, in the absence of positive legislation, by the rules laid down in the authorities quoted, because we consider them just and reasonable in themselves." In the opinion in the present case, the supreme court of Louisiana say that to sustain the charge of malicious prosecution it is necessary to show : " 1st, that the suit had terminated unfavorably to the prosecutor ; 2d, that in bringing it the prosecutor had acted without probable cause ; 3d, that he was actuated by legal malice,—i. e., by improper or sinister motives. The above three elements must concur."

And when there is no dispute of fact, the question of probable cause is a question of law for the determination of the court (Stewart v. Sanneborn, 98 U. S. 187, 194). Want of probable cause and the existence of malice, either express or implied, must both concur to entitle the plaintiff, in an action for a malicious prosecution, to recover. So that if probable cause is shown, the defense is perfect, notwithstanding the defendant in instituting and carrying on the action may have been actuated solely by a motive and intent of malice. If he had probable cause to institute his action, the motives by which he was actuated and the purposes he had in view are not material.

How much weight as proof of probable cause shall be attributed to the judgment of the court in the original action, when subsequently reversed for error, may admit of some question. It does not appear to have been judicially determined in Louisiana. In the case of Griffis v. Sellars (4 Dev. & B. 177), Ruffin, Ch. J., said "that probable cause is judicially ascertained by the verdict of the jury and

.judgment of the court thereon, although upon an appeal a contrary verdict and judgment be given in a higher court." In Whitney v. Peckham (15 *Mass*. 243), such a judgment was held.to be conclusive in favor of the existence of probable cause. To the same effect is Herman v. Brockerhoff (8 *Watts*, 240), in an opinion of Chief Justice GIBSON. The decision in the case of Whitney v. Peckham (*ubi supra*), however, was questioned by the supreme court of New York in the case of Burt v. Place (4 *Wendell*, 591, 598), where MARCY, J., delivering the opinion of the court, said that the Massachusetts decision rested entirely upon Reynolds v. Kennedy (1 *Wilson*, 232), which had been qualified by the decision of EYRE, Baron of the Exchequer, in Johnstone v. Sutton (1 *T. R.* 505), and by what was said by Lord MANSFIELD and Lord LOUGHBOROUGH in the same case, which came before them on a writ of error (1 *T. R.* 512). The effect of these English authorities, as stated by MARCY, J., in Burt v. Place (*ubi supra*) is as follows : "That if it appears by the plaintiff's own declaration that the prosecution which he charges to have been malicious, was before a tribunal having jurisdiction, and was there decided in favor of the plaintiff in that court, nothing appearing to fix on him any unfair means in conducting the suit, the court will regard the judgment in favor of the prosecution satisfactory evidence of probable cause."

In that case the judgment relied upon by the defendant was held not to be conclusive. The reason is stated to be as follows : "Though the plaintiff admits in his declaration that the suits instituted before the magistrate by the defendant were decided against him, he sufficiently countervails the effect of that admission by alleging that the defendant, well knowing that he had no cause of action, and that the plaintiff had a full defense, prevented the plaintiff from procuring the necessary evidence to make out that defense by causing him to be detained a prisoner until the judgments were obtained, and by alleging that the imprisonment was for the very purpose of preventing a defense to the actions."

Commenting on this case, the court of appeals of Kentucky, in Spring v. Besore (12 *B. Monroe*, 551, 555), say : "The principle settled in the case last cited we understand to be, that such a judgment will not in every possible state of case be deemed to be conclusive of the question of probable cause ; but that, like judgments in other cases, its effect may be destroyed by showing that it was procured by fraud or other undue means." That court proceeds to state the rule as follows : "The correct doctrine on the subject is, in our opinion, that the decree or judgment in favor of the plaintiff,

Moses v. Dickinson.

although it be afterwards reversed, is, in cases where the parties have appeared and proof has been heard on both sides, conclusive evidence of probable cause, unless other matters be relied upon to impeach the judgment or decree and show that it was obtained by fraud ; and in that case it is indispensable that such matter should be alleged in the plaintiff's declaration ; for, unless it be done, as the other facts which have to be stated establish the existence of probable cause, the declaration is suicidal. The plaintiff's declaration will itself always furnish evidence of probable cause when it states, as it must do, the proceedings that have taken place in the suit alleged to be malicious, and shows that a judgment or decree has been rendered against the plaintiff. To counteract the effect of the judgment or decree and the legal deduction of probable cause, it is incumbent upon him to make it appear in his declaration that such judgment or decree was unfairly obtained, and was the result of acts of malice, fraud and oppression on the part of the defendant, designed and having the effect to deprive him of the opportunity and necessary means to have defeated the suit and obtained a judgment in his favor."

The limitations upon the general principle declared in Burt v. Place (*ubi supra*) were followed by the supreme court of Maine in Witham v. Gowen (14 *Maine*, 362), and both decisions were referred to in the subsequent case of Payson v. Caswell (22 *Maine*, 212, 226), where the court said : "In these two cases we have instances of exceptions to the general rule, indicative of the general nature of the characteristics which might be expected to attend them ; but the rule itself remains unimpaired. If there be a conviction before a magistrate having jurisdiction of the subject matter, not obtained by undue means, it will be conclusive evidence of probable cause."

The propriety of this limitation of the rule seems to have been admitted by the supreme judicial court of Massachusetts in Bacon v. Towne (4 *Cush.* 217, 236), though in later cases it reiterated the broader rule as originally stated in Whitney v. Peckham, *ubi supra*. (Parker v. Huntington, 7 *Gray*, 36).

This seems to reconcile the apparent contradiction in the authorities, and states the rule, which we think to be well grounded in reason, fair and just to both parties, and consistent with the principle on which the action for malicious prosecution is founded.

It is, perhaps, not material in this case to define the rule with precision, and to attempt to state with accuracy the precise effect to be given to a judgment or decree of the court as proof of probable cause under all circumstances, because in the present case the

decree of the circuit court of the United States was adju'dged to be entitled to no effect whatever as evidence in support of the defense of the plaintiff in error.—*Daily Reg.*, February 16, 1886.