## No. 1417.

### JACOB MCWILLIAMS VS. JUSTINIEN MICHEL ET ALS.

When an appellant applies for and obtains an order of appeal to a court having no jurisdiction of the matter in dispute, the order is a nullity. He is not estopped from presenting his appeal in a court of competent jurisdiction.

An actual assessment of property, and notice required by Article 210 of the Constitution, are essential to a valid tax sale of the property. There is no actual assessment of the property as contemplated by law when it is not assessed to the owner and is confusedly assessed with other property.

Where the State sells public land and issues a patent for it, the Land Office at Baton Rouge is the proper place from which information should be obtained in order to assess it correctly. R. S. 2922.

When the State sells public land and the assessor places it on the assessment rolls to a person not the owner, the State can not take advantage of this defective assessment, and at tax sale have the property adjudicated to her.

McWilliams vs. Michel et als.

APPEAL from the Twenty-first District Court, Parish of St. Martin. Mouton, J.

R. N. Sims and C. H. Mouton for Plaintiff and Appellant:

1. Plaintiff's title to the lands in controversy is complete and perfect; they were patented and sold by the State to Thomas Mille in 1860; after his death his heirs went into possession, and at the partition sale made by the sheriff of Iberville, in 1877, they were acquired by the plaintiff, who has since held and possessed them.

2. The tax sale of these lands in 1872, with the lands adjudicated to Wilbert at the same partition sale in 1877, in the name of Eugene Garandi, was an absolute nullity. Garandi had disappeared many years before, and had never owned a particle of interest in the property. The lands stood at the time in the registry office of the Land Department of the State in the name of Thomas Mille. The assessment in the name of Garandi was therefore a nullity, and could not form the basis of a valid tax sale. Saunders on Taxation, 302; 26 An. 509; 30 An. 176; 32 An. 926; 34 An. 107; 35 An. 1086.

3. The adjudication to Breaux and Duperier in 1873 being a nullity, they acquired no title. They never claimed title, never acted as owners, and never desired or attempted to take, or be placed in, possession. The paper title evidencing the adjudication produced no effect, and could not form a basis for prescription. Breaux vs. Negrotto, Jr., 43 An.; 32 An. 237.

4. The nullity of the adjudication to Breaux and Duperier in 1873 involved the nullity of the assessment in their name in 1885, and, as a necessary consequence, the nullity of the adjudication to the State in their name in 1886. Besides, they were never notified to pay any taxes on the property, which notice was a condition precedent to a valid adjudication. Const. Art. 210: Breaux vs. Negrotto, Jr., 43 An. The State never attempted to take possession under the adjudication of 1886, and there being no adverse possession, prescription does not apply. Breaux vs. Negrotto, 43 An ; 32 An. 237.

5. The lands assessed in the name of Breaux and Duperier in 1885 had been separately assessed to their respective owners, plaintiff, and the Wilberts, from 1881 to 1884, both inclusive. The assessment of both pieces of property confusedly to Breaux and Duperier constituted an additional nullity, which vitiated the adjudication based upon it. Act No. 96 of 1882, Sec. 18; Saunders on Tax. 108; Weltz on Assessments, Sec. 112; 36 Me. 435; 63 Me. 382; 34 An. 126; Blackwell, 160 and 146; Cooley on Tax. 295; Burroughs, 212-301; 51 Mo. 63; 6 Kan, 540; 32 An. 228; 42 An. 853.

6. In Frederick Wilbert et al. vs. Justinien Michel, 42 An. 853, this court annulled and set aside the adjudication to the State in 1886, and that to the defendant in 1889. Those adjudications stand annulled for all purposes and as to all persons. They can not be null in part and valid in part. The tax claimed was indivisible, and the adjudication in each instance was an indivisible act. Saunders on Tax. 305; 34 An. 123; Burroughs, p. 301; 51 Mo. 63; 6 Kan. 540; Blackwell on Taxation, pp. 180 and 181; 55 Miss. 26; 44 Mich. 561; Cooley, Const. Lim., p. 368.

7. On the question of registry of titles, the advantage is with the plaintiff. The State could not ignore the title of Mille, which was extant upon her records. It was the duty of the State officers to follow up that title, and after the death of Mr. Mille to assess the property in 1871 and 1872 in the name of his estate or of his heirs or their assigns, if known. The State officers could not by a fictitious

assessment create a title for the purpose of future assessments, legally binding on the heirs of Mille or their vendees. R. S. 2922. The State could not plead want of registry of the Mille title in the parish of St. Martin, and the defendant is in no better position than the State would be. See cases cited under No. 9, Act No. 96 of 1882, Sec. 18.

8. Plaintiff had a perfect legal right to obtain a certificate of redemption from the Auditor on the 2d of May, 1890. The adjudication to the State in his name in 1883 had never been filed for record or recorded in the recorder's office of St. Martin, and had not up to that day been filed or recorded in the Auditor's office. The act of redemption did not and does not concern the defendant. It shows, however, in connection with the testimony of the Auditor, that plaintiff does not owe the State one cent of taxes on the property in controversy. Statutes which give the right of redemption are to be regarded favorably and construed with liberality. Act No. 96 of 1882; Cooley on Taxation, p. 363; 33 Penn. 94-97; 10 Wall. 464; 16 Wis. 594; 1 Rob. 421. On the other hand, the formalities which the law prescribes in the interest of the taxpayer or purchaser subsequent to the sale must be strictly complied with. Cooley on Taxation, p. 365; Burroughs, p 312; 9 Mo. 878.

It is error to suppose that a certificate of redemption by the State constitutes a sale. The only effect is to replace the property in the position it was before the tax adjudication. Saunders on Taxation, p. 205. The application to redeem must be made within a year from the recordation of the adjudication to the State. Saunders on Tax., p. 206.

9. The State having acquired no title under the adjudication in 1886, by reason of the antecedent radical defects in the proceedings, it is perfectly well settled that she could convey no title to the defendant under the sale made in 1889, in pursuance of Act No. 80 of 1888. 32 An. 926.

--------

*Edward Simon* and *Felix Voorhies* for Defendants and Appellees:

1. One who obtains from the Auditor a redemption act for lands adjudicated to the State, at tax sales, even when this obtention is after the time for redeeming has passed, is thereby estopped from contesting the assessment and the State's title.

2. Assessors are not bound to look beyond the recorded titles to property. See Palmer vs. Board of Assessors, 42 An.

3. The assessment being in the name of the only owners known, in the records, is sufficient and legal. See Gee vs. Clark, 42 An.

4. Under such an assessment, when taxes have not been paid, the title derived from tax sale is good and valid. See Wilberts vs. Michel, 42 An.

5. In this case, the State holding under two adjudications, at different periods, the titles acquired under both titles inure to the benefit of the State's adjudicatee.

6. The claimant must be strictly limited to the causes of nullity alleged in his petition and pleadings.

7. Notice required by Article 210 of the State Constitution is applicable only to tax sales of property of delinquents, and not to a sale of property of the State made under Act No. 80 of 1888.

8. An action to invalidate a tax sale, made under a law of the State, is barred by the prescription of three years. See 9 An. 403 and 1005; 7 Sou. Reporter, 731.

9. Parties sold out as delinquents can not redeem their property, except within the year the deed was given.
10. The purchaser of lands from one who has bought at tax sales in good faith, will be maintained in his purchase, after ten years of peaceable possession, and that possession gives an indefeasible title. See Gee vs. Clark, 42 An.

The opinion of the court was delivered by

McENERY, J. The defendants move to dismiss this appeal on the ground of want of jurisdiction *ratione materiæ*, and that the plaintiff had applied for and obtained in open court an order of appeal to the Court of Appeals for the Third Circuit.

The amount in dispute is over two thousand dollars. This is apparent from the admission of defendants in their application to bond in the injunction proceeding. The order of appeal to the Court of Appeals was a nullity. The error of plaintiff in applying for and obtaining an order of appeal to that court can not estop him from prosecuting his appeal and lodging it in the court having jurisdiction of the matters involved.

The motion to dismiss the appeal is denied.

ON THE MERITS.

The plaintiff alleging that he is the lawful owner of sections or lots Nos. 10, 11, 12, 13, 14, 15, 17, T. 8, S. R. 8 E., in the S. E. Land District, brought this suit to set aside a tax deed of said property made to the defendant under the provisions of Act 80 of 1888, on the 1st of June, 1889, for an adjudication to the State on the 1st of May, 1886, for unpaid taxes of the year 1885, assessed to Breaux and Duperier.

The defendant was put into possession of the property. The plaintiff obtained an injunction restraining the defendant from committing waste on the property. There was judgment for the defendant maintaining his title to the property under the tax deeds and dissolving the injunction with $400 damages. The plaintiff has appealed.

In 1871 and 1872 the property in controversy was assessed to Eugene Garandi. Garandi held certain "floating" land scrip or warrants. He assigned the same to Thomas Mille, who located it on the property in suit. Patent No. 9197 was issued to him for this and other lots or sections in 1860. Garandi never owned the property, and was dead when the assessment was made to him. The land office at Baton Rouge was the proper place for the assessor to get

information of the description and ownership of the property which had been sold by the State to Mille.   R. S. 2922.

The State had notice of the title of the property in Thomas Mille. She can not ignore this fact and assess the property to a person not the owner, sell it and acquire title to it.

Under this assessment the property was adjudicated to Breaux and Duperier.   The assessment was null and void, and could not form the basis of a valid tax sale.   26 An. 509; 30 An. 176; 32 An. 926; 34 An. 107; 35 An. 1086.

Judge Breaux, in his testimony, states that, happening to be in St. Martinsville, he had the property adjudicated to him and Duperier, in order to pay the taxes thereon, as their owners were interested in the property.   No adjudication or forfeiture of the property was ever made to the State under this assessment.   The property was never assessed under this tax deed before 1885 to Breaux and Duperier.   The plaintiff claims title on this tax deed of 1873 made to Breaux and Duperier.   As he claims through the State, he must show title in the State.   Judge Breaux disclaims title to the property.   If there is any ownership of the land under this tax sale, it must be in Breaux and Duperier.   They have sold their interest in the property.   In the partition proceedings of the succession of Mille, they joined with their wives in a sale of the property in controversy to the present plaintiff.

From 1873 to 1881 the property was not assessed.   From 1881 to 1884, inclusive, it was assessed to the plaintiff.   In 1885, without the knowledge of Breaux and Duperier, it was assessed to them.   The lands of Wilbert & Son, which were also purchased at the same time in the partition proceedings in the Succession of Mille, were assessed and sold confusedly with plaintiff's property for the unpaid taxes for the year 1885, assessed to Breaux and Duperier.   It was under this assessment that the adjudication was made to the State in May, 1886, which resulted in the tax sale June 1, 1889, under Act 80 of 1888, and the adjudication and tax deed to the defendant Michel.

In case of Wilbert vs. Michel, 42 An. p. 856, we said: " The validity of the title acquired from the State depends on the validity on the adjudication forfeiture.   If that was not valid, the State acquired no title, and can transfer none."

*In re* Douglas, 41 An. 776, in enumerating the essentials for a valid sale of property, under tax proceeding, the assessment of the prop-

McWilllams vs. Michel et als.

erty was named as one of them. And in Breaux vs. Negrotto, 43 An., p. —, that the notice required by Article 210 of the Constitution should also be served on the tax debtor.

It does not appear in the record, and it is not alleged in the pleadings, that there was any change in the title to the property after the assessment to the plaintiff, Jacob McWilliams, in 1884, in which year he paid the taxes for the year previous. No reason is assigned for placing the property again on the rolls in the names of Breaux and Duperier, except that there was a recorded tax deed to them in 1873. This adjudication being null and void, because of the defective assessment, as stated above, the continuation of the property on the rolls in their names was also null and void. There was, in fact, no assessment of the property in 1885 upon which the adjudication to the State in May, 1886, was based. There was no notice served on the tax debtor as required by Article 210 of the Constitution. The tax deed made to the defendant, 1st June, 1889, shows that the notice was served on Breaux and Duperier. But as a fact it was not even served on them. The adjudication, therefore, to the State, in 1886, and the proceedings in the sale of the property thereafter, under Act 80, 1888, were null and void. The State having acquired no title, she could transfer none.

For the tax of 1882, assessed to the plaintiff, the property was adjudicated to the State in 1883. She never took possession of the property, and seems to have abandoned all claim to it under the adjudication, as it was assessed to Breaux and Duperier afterward, and again adjudicated to the State under this assessment. But the defendant can not set up this adjudication as the basis of his title under the tax deed to him, June 1, 1889, as it was sold to him under Act 80 of 1888, as having been adjudicated to the State for the unpaid taxes of 1885, assessed to Breaux and Duperier.

From this statement of the case it is very clear that the prescription of one, three and ten years, pleaded by defendant, can have no application. Breaux vs. Negrotto, 43 An.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the plaintiff, decreeing the adjudication of the property described in his petition to the State on 1st May, 1886, for the tax of 1885, assessed to Breaux and Duperier, to be null and void, and of no effect, and that the adjudi-

McWilliams.vs. Michel et als

cation and tax deed made to the defendant, Julien Michel, of said property on June 1, 1889, under Act 80 of 1888, be declared null and void, and it is further ordered that the plaintiff be declared the true and lawful owner of said property, and that he be placed in peaceable possession of the same, and that the injunction herein be perpetuated. Defendant to pay all costs. '

Breaux, J., recuses himself.

## ON APPLICATION FOR REHEARING.

The defendant counsel failed to call our attention in his brief and argument to the fact which led to the error in the decree, and which is now urged as a reason for granting a rehearing.

It will not be necessary to reopen the case to correct the error.

There was no controversy or dispute as to the description of the property. The case was argued and submitted on the assumption that McWilliams, the plaintiff, had acquired title to lots 10, 11, 12, 13, 14, 15, 17, from the Succession of Mille. These lots were assessed to McWilliams from 1881 to 1884, inclusive.'

Defendant now calls attention to the fact that lots 10, 16, 17, were not adjudicated to the plaintiff in the sale of the property in said succession to effect a partition.

An examination of the succession proceedings shows that he is correct. Plaintiff, however, does not claim lot 16. Lot 10 was not sold to the defendant at tax sale June 1, 1889. Lot 17 is the only part of the description of the property about which there can be any controversy between plaintiff and defendant. Lot 10 was assessed to the plaintiff by the State and adjudicated to her in 1883. It was never sold to the defendant. He has, therefore, no interest in it.

The decree in this case is, therefore, amended so as to strike out lot 17 from the description of the property in the decree. In all other respects it is to remain undisturbed.

The hearing refused.