(37 South. 969.)

No. 15,365.

POSEY v. CITY OF NEW ORLEANS et al.

(Jan. 30, 1905.)

TAXATION—ASSESSMENT—NECESSITY—TAX SALE.

There cannot be a tax privilege or a tax sale without an assessment identifying the property.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Lloyd Posey against the city of New Orleans and others. Judgment for defendants, and plaintiff appeals. Reversed.

Benjamin Rice Forman, for appellant. Frank Bartlett Thomas, Asst. City Atty., for appellee City of New Orleans. Francis Charles Zacharie, for appellee state tax collector. Dinkelspiel & Hart, for appellees Barry and Legier.

PROVOSTY, J. Desiring to sell his land, plaintiff applied to the recorder of mortgages and to the register of conveyances for certificates of nonalienation and nonincumbrance, and was given certificates by which it appeared that certain privileges for state and city taxes rested on the land, and that it had been adjudicated both to the city and to the state for nonpayment of taxes. Thereupon he brought this suit to have the inscription of the privileges and tax sales canceled. He has made defendants the city of New Orleans, the state tax collector, the recorder of mortgages, and the register of conveyances. The defendants answered, pleading a general denial, except the city of New Orleans, as against whom issue was joined by default. There was judgment dismissing plaintiff's suit, and he has appealed. No brief has been filed in this court in behalf of the city of New Orleans and the tax collector.

A correct description of plaintiff's land is as follows:

"Bounded on the North by Lake Pontchartrain, on the East by lands now or formerly belonging to the Estate of Milne, and the lands of Duroche, on the West by Bayou St. John, and on the South by the lands of the Estate of Milne, being fractional Section 10, Township 12 South, Range 11 East, containing 30 acres."

The land on which the tax privileges and tax sales purport to bear is described in the assessments upon which the privileges and sales are predicated as follows:

"Properties fronting lower part of Bayou St. John, about 30 acres, James R. Bres or State of Louisiana."

The land adjudicated to the city is described as follows:

"A certain portion of ground in the Third District of the city of New Orleans, designated as fronting on the lower portion of the Bayou St. John."

And the same description is found in the sale to the state, except that there is added, "said lot measures about 30 acres on Bayou St. John."

The assessments are in the name of Joseph R. Bres. The taxes for which the privileges were inscribed, and for which the tax sales were made, were the state taxes from 1884 to 1902, inclusive, and the city taxes from 1886 to 1902, inclusive. The land of plaintiff belonged to Joseph R. Bres until December, 1896, when he sold it to plaintiff's vendors. Nothing shows that Bres did not own land as nearly or perhaps more nearly answering the description of the assessment than that of plaintiff does.

Under these facts, non constat that the land thus assessed and sold, or attempted to be assessed and sold, was that of plaintiff. The tax sales are therefore null in so far as they can affect the land of plaintiff. Bell v. Taylor, 37 La. Ann. 60; Wilson v. Marshall, 10 La. Ann. 327; Jacques v. Kopman, 6 La. Ann. 542; Wills v. Auch, 8 La. Ann. 19; Kellogg v. McFatter (No. 14,912, decided Feb. 29, 1904) 111 La. 1037, 36 South. 112; Wilbert v. Michel, 42 La. Ann. 856, 8 South. 607; McWilliams v. Michael, 43 La. Ann. 984, 10 South. 11.

While this is so, the inscriptions complained of cast a cloud upon plaintiff's title, and prevent him from obtaining a clear certificate. He is therefore entitled to have them canceled in so far as they can affect his land.

It is therefore ordered, adjudged, and decreed that there be judgment decreeing the nullity of, and ordering the cancellation of, the privileges and tax sales in question, in so far as the same can affect the land of plaintiff; defendants to pay the costs of this suit.