SOMMERYILLE, J.
This is a petitory action by the widow and heirs of Michael Coleman, in which they claim from defendant certain land in St. Tammany parish, which Michael Coleman had entered as a homestead, and for which he held a patent issued by the United States government March 1, 1878. . The homestead certificate, or patent, was offered in evidence by plaintiff, and it is in the record.
Defendant claims title from Jones & Pickett, Limited, and impleads them as warrantors.
Jones & Pickett, Limited, answered, setting up a tax title for the state and parish taxes of 1S05, and on the trial offered in evidence a copy of that title. The offer was objected to by plaintiff on the ground that it was a copy of a copy, and therefore not competent to be received and considered as evidence. The objection should have been sustained. The act is certified to be “a true copy from Book R. 597, L. C. Moise D’y clerk and ex officio Recorder of Conveyances and Mortgages for St. Tammany Parish, Louisiana.”
[1] The Book R referred to contains only copies of the original acts, and the document offered in evidence, being a copy from Book R, is a copy of a copy, and it should not have been received in evidence. Ruddock Cypress Co. v. Peyret, 113 La. 868, 37 South. 858.
Even with the copy in evidence, defendant failed to show title to any certain land. The act of sale recites that 164 acres were assessed to Michael Coleman in 1895, upon which he had not paid taxes. In offering it for sale for the taxes, the sheriff and ex officio tax collector offered the least portion of the land which any one would buy for the amount of the taxes due thereon. Jones & Pickett offered an amount equal to the taxes, interest, costs, etc., due on the property for 160 acres thereof, 'and a title deed for 160 acres of the 164 acres owned by the Colemans was given to them. They did not buy or offer to buy all of the ground; but only a portion thereof. This portion, ICO acres, is not described or designated in a way to indicate where they were to be taken from the 164 acres. [2] The'description of the land in the title deed is so very defective and insufficient that it could not form the basis of a judgment of court. Scott et al. v. Parry et al., 108 La. 11, 32 South. 188; Levy v. Gause, 112 La. 789, 36 South. 684; Posey v. City, 113 La. 1059, 37 South. 969; Lewis v. Brock, 123 La. 1, 48 South. 563; Guillory v. Elins, 126 La. 560, 52 South. 767.
The judgment appealed from will be reversed.
*1097 [3] Nemours Cousin answered, the appeal of plaintiff; and asked that if the judgment in his favor was reversed that he have judgment against his warrantor, as prayed for in his original answer. We cannot grant the relief sought. Defendant and his warrantor are both appellees, and the court is powerless to amend the judgment between them, or, rather, to render judgment between them. There was no judgment between them in the lower court; and there is no appeal before us affecting their rights towards one another. Fields v. Creditors, 11 La. Ann. 545; Thompson v. Kilcrease, 14 La. Ann. 340; Williams v. Leblanc, 14 La. 757; Jaffray & Co. v. Moss & Co., 41 La. Ann. 548, 6 South. 520.
The judgment appealed from is reversed and set aside; and it is now ordered, adjudged, and decreed that there be judgment in favor of petitioners, Mrs. Nora Tobin, widow of Michael Coleman, John Coleman, Lula Coleman, Ida Coleman, and Stella Coleman, and against defendant, Nemours Cousin, recognizing and declaring them to be the owners in indivisión of the following described property, in the proportion of one-half to Mrs. Nora Coleman, and one-half to John, Lula, Ida, and Stella Coleman: The S. E. % of section 11, in township 8, S., of range 12 E., St. Helena meridian, in the district of lands subject to sale at New Orleans, La., containing 164 4s/ioo acres, as per homestead certificate No. 64 issued March 1, 1878, by the government of the United States.