## GOERTZ v. MENARD.*
### No. 1587.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

For original opinion, see 168 So. 747.

Harvey E. & Frank B. Ellis, of Covington, and Charles E. De La Vergne, of New Orleans, for appellant.

S. W. Provensal, of Slidell, and B. M. Miller, of Covington, for appellee.

### PER CURIAM.

The judgment herein was rendered and signed by this court on June 9, 1936. Notice was thereafter served upon plaintiff's attorneys. The application for rehearing was filed by plaintiff, appellee, before the expiration of the period fixed by law for the filing of said application. The motion for the dismissal of the application filed by defendant, appellant, is denied.

The court has looked into the questions raised by plaintiff (appellee) in his brief supporting rehearing application. In reaching its conclusions and in the preparation of its opinion the court gave due consideration to the case of Posey v. City of New Orleans, 113 La. 1059, 37 So. 969, which plaintiff would have us follow. In that case no mention is made of the question of possession, but it is held that it was not shown that Joseph R. Bres, in whose name the assessment appeared when the tax adjudication was made, did not own land more nearly answering the description of the assessment than the lands of the plaintiff Posey. We do not understand that the validity of any adjudication of land to the state for unpaid taxes depends upon possession. Neither the state's lien nor title is defeated or affected by possession of tax debtor or third parties. We do not consider plaintiff's ar-

gument on question of possession as being pertinent to the issues involved in this case. As to the argument regarding the location and identity of the lands under the description by which they were adjudicated, it must be remembered that these descriptions were taken from, and these adjudications were based upon, assessments on the St. Tammany parish tax rolls for the ward of said parish in which they were situated and referred to the only lands owned by the tax debtor in said parish at the time of said adjudications. These descriptions, according to our view, are as good or better than the descriptions of the property involved in some of the cases which are cited in our opinion. We find no grounds set up in the application or supporting brief which would warrant the granting of any rehearing.

The application is refused.

*Writ of error refused Jan. 4, 1937.