159 So.2d 560 (1964)
William J. HOWARD et ux., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Third Party Plaintiffs-Appellees,
Mrs. Leroy LAMBERT, Jr., and L. V. Rhodes, Third-Party Defendants.
No. 1096.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1964.
*561 James C. Terrell, Jr., Leesville, and Wood & Jackson, by W. C. Wood, Leesville, for plaintiffs-appellants.
Stafford & Pitts, by Grove Stafford, Jr., Alexandria, Hall & Coltharp, by L. H. Coltharp, DeRidder, for defendants-appellees.
En Banc.
TATE, Judge.
This is a tort suit arising out of an intersectional collision between two automobiles. The plaintiffs were the occupants of the right-of-way vehicle. The sole parties made defendant were the father and the liability insurer of the unemancipated minor who was the driver of the other car involved. (The trial court subsequently held that the negligence of this latter driver was the sole proximate cause of the accident.)
The defendants had impleaded by third party demand the driver of yet a third vehicle, as well as his employer. The principal defendants contend that these third-party defendants were solely or contributorily liable for the accident, because this third driver's signal that the way was clear had caused the defendants' minor to proceed into the intersection and into the path of the plaintiffs' right-of-way vehicle.
The trial court held that the negligence of the principal defendants' minor was the sole proximate cause of the accident. Accordingly, *562 it rendered judgment for damages in favor of the plaintiffs and against the principal defendants. The trial court judgment also dismissed the latter's third-party demand against the third-party defendants.
The plaintiffs alone appealed from this judgment. An order granted them a devolutive appeal and fixed the appeal bond at $300.
The principal defendants did not appeal. Instead, after the time for perfecting an appeal had elapsed and after the appellate record was lodged in this court, they timely filed an answer to the appeal requesting that the trial court judgment be reversed with respect to the finding that the negligence of the third-party defendants' driver did not contribute to the accident.
The principal defendants contend that they have the right to implead the third-party defendants as parties to the appeal, by filing an answer to the plaintiffs' appeal in this appellate court. In so contending, they rely upon the final sentence in LSA-C.C.P. Art. 2133: "The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer." (Italics ours.)
Before adoption of the Code of Civil Procedure of 1960, it was well settled by the jurisprudence that an answer to the appeal could not serve the purpose of an appeal insofar as bringing before the appellate court the claim of one appellee against another appelleeby answer to the appeal, the appellee could secure revision of the judgment as against the appellant alone, and not as against other appellees. See decisions to be cited below.
Thus, in a procedural situation identical to the present, the principal defendant's answer to the plaintiffs' appeal did not confer upon the appellate court the power to revise the judgment against a third party-appellee called by the principal defendant in warranty. Walters v. Reliance Industrial Life Ins. Co., La.App. 2 Cir., 180 So. 880. See also Coleman v. Cousin, 128 La. 1094, 55 So. 686, and cases therein cited.
We are called upon to decide whether the new Code of Civil Procedure has changed this prior procedural law.
The language of Article 2133 of the new Code, relied upon by the defendants-appellees herein, provides that an appellee's answer to the appeal "shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer."
The literal language thus seems to permit a defendant-appellee to seek relief by answer to the appeal against another appellee. It is to be noted, however, that the language of the article is not substantially different from its source provision in the prior law, Article 592 of the Code of Practice of 1870,[1] to which the courts consistently gave a contrary interpretation.
The sole purpose of the cited language in the new Article 2133, as expressed in the official reporter's comments to the article (see Comment b.), was to clarify certain jurisprudence as to an appellee's right to have the judgment modified against the appellant through an answer to the appeal. No intent was expressed to overrule the long-established jurisprudence that one appellee could not by answer to the appeal bring another appellee before the appellate court for modification of the judgment insofar as the latter appellee was concerned.
Such an intent is, in fact, negatived by a 1962 amendment to a codal provision in pari materia, namely Art. 2087. Act 92 of 1963 specifically amended LSA-C.C.P. Art. 2087 in order to assure that, within certain delays after an appellant took a devolutive appeal, the appellee had the right to *563 appeal "to have the judgment appealed from modified, revised, or reversed as to any other appellee * * *."
The Official Law Institute Reporter's Comments note that it was necessary to grant appellees this additional time to take a direct devolutive appeal against other appellees because: "The remedy afforded an appellee to have the judgment appealed from modified to grant him additional relief, through the answer to the appeal sanctioned by Art. 2133, applies only against the appellant. A judgment may be modified or revised as between appellees only through an appeal. Placid Oil Co. v. North Central Texas Oil Co., 206 La. 693, 19 So.2d 616 (1944); Coleman v. Cousin, 128 La. 1094, 55 So. 686 (1911); Laloire v. Wiltz, 31 La. Ann. 436 (1879); Succession of Jackson, 77 So.2d 194 (La.App.1955); Lanza v. Metcalf, 25 So.2d 453 (La.App.1946); Walters v. Reliance Industrial Life Ins. Co., 180 So. 880 (La.App.1938). * * *"
The publication of the Official Comments of the Law Institute to explain recommended amendments to the Code has legislative sanction. House Concurrent Resolution 23 of 1962; see 23 La.L.Rev. 57 (1962). It is appropriate and proper for the courts to take these comments into consideration in endeavoring to interpret and construe the provisions of the Code of Civil Procedure. Emmons v. Agricultural Insurance Company, La., 158 So.2d 594 (1963.)
This 1962 remedial legislation was unnecessary, of course, if the defendant-appellee's construction of Article 2133 is correct and if this latter article already permitted one appellee to implead another in the previously taken appeal simply by answering it, instead of by a direct appeal by the appellee himself to accomplish this objective.
The 1962 amendment to Art. 2087 and the Official Revision Comments published with it, show that, in the context of the entire Code, the seemingly plain and literal language of Art. 2133 was not intended to mean that an appellee's answer to the appeal was effective as a vehicle to seek relief against another appelleethe sole intent was only to permit an appellee to secure any relief against an appellant that he could have obtained by an appeal.
Although a broader construction is possible, the first sentence of Article 2133[2] may be construed so as to refer to the appellee's being required to file an answer to the appeal to seek relief "against the appellant" (only). The second sentence provides that "in such cases" (i. e., against the appellant), the answer to the appeal must be filed within fifteen days. So that, it might be argued, the third sentence of the Article, the one with which we are now concerned, refers only to "The answer to the appeal" regulated by the article, that is, answers to appeal seeking relief "against the appellant" onlywhich in such an instance is permitted to perform the same function as an appeal.
The language of the article therefore may not unambiguously permit an appellee to use an answer to the appeal to be "equivalent to an appeal" against an appellee, as a literal reading of it first seems to do, before reference is also made to prior and subsequent legislative history.
As stated at 2 Sutherland, Statutory Construction (3rd ed., 1943), Section 4701, "* * * it is perfectly clear that if the literal import of the words is not consistent with the legislative intent, or such interpretation leads to absurd results, the words of the statute will be modified by the intention *564 of the legislature. The modern cases also indicate that courts today rather than beginning their inquiry with the formal words of the act consider from the start the legislative purpose and intention. This tendency is to be commended for it is more consonant with the proper judicial use of statutory materials."
As this treatise further states, Id. at Section 4702: "One who contends that a section of an act must not be read literally must show either that some other section of the act expands or restricts its meaning, that the section itself is repugnant to the general purview of the act, or the act considered in pari materia with other acts, or with the legislative history of the subject matter, imports a different meaning. * * [T]he limited meaning of words will be disregarded when it is obvious from the act itself that the legislature intended that it be used in a different sense than its common meaning."
Likewise, the various sections of an entire statutory enactment should be construed in connection with one another so as to produce a harmonious whole, with as little inconsistency as possible between the various provisions thereof. Id., Section 4703.
Applying these various principles of legislative construction to the present question, we find that, in context of other provisions of the Code and especially Art. 2087, the provision of Art. 2133 was not intended to change the prior jurisprudence and to have the meaning for which the defendants-appellees contendthat by answer to the appeal, an appellee can seek relief against another appellee against whom the first appellee did not perfect an appeal.
Accordingly, the motion of third-party defendants to dismiss the present appeal as to them must be sustained.
In Emmons v. Agricultural Insurance Co., La., 158 So.2d 594 (reversing La.App. 4 Cir., 150 So.2d 94) and in Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400, it was held that the appeal of defendant-appellant also brought up this defendant's right to have a co-defendant-appellee adjudged to be a solidary debtor (joint tortfeasor) with the appellant. These cases are not authority either for or against a holding that an answer to the appeal by an appellee might likewise bring up a defendant-appellee's claim against another appellee.
Timeliness of Motion to Dismiss.
The defendants-appellees further contend that this motion to dismiss the appeal was not timely. The motion was filed ten days after the defendants' answer to the appeal and fourteen days after the appellate record was lodged in this court.
Counsel suggests that it should instead have been filed within three days after the record was lodged or the return date of the appeal, whichever is later, LSA-C.C.P. Art. 2161. This code provision refers to motions to dismiss an appeal because of an "irregularity, error, or defect which is imputable to the appellant", which motion must be filed within three days.
However, the Code further provides that "an appeal can be dismissed at any time * * * for lack of jurisdiction of the appellate court, or because there is no right to appeal." LSA-C.C.P. Art. 2162. As stated at McMahon Louisiana Practice (1956 Supp.) n. 26.3: "When the motion to dismiss strikes at the very foundation of the right to appeal, or raises a jurisdictional question, it need not be filed within these three days, but only prior to the appellate court's decision. [Citations omitted.]" This prior jurisprudence was not changed by LSA-C.C.P. Art. 2162; see Comment a. thereto.
The third-party appellee's motion to dismiss is levelled at the complete absence of any right of the principal defendant-appellees to bring the third-party appellees before the appellate court by an answer to the appeal, and at the lack of appellate jurisdiction over the third-party demand in the absence of an appeal taken as to its dismissal by the defendant-appellee.
*565 This motion to dismiss is thus not directed at a mere irregularity. It is grounded upon the complete nonexistence of the appeal. It need not, therefore, be filed within three days.
For the foregoing reasons, the third-party appellee's motion to dismiss the appeal is granted. The appeal is dismissed as to them.
Appeal dismissed as to third-party defendants-appellees.
NOTES
[1] "Nevertheless, if the appellee complain of some parts of the judgment of the inferior court, he may, without appealing from the same, pray it to be set aside in those points in which he believes that he is aggrieved."
[2] "An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer."