BEER, Judge.
2511, Inc. and Janett T. Loeb sued Hamilton Investment Trust, questioning an exec-utory foreclosure of real estate. The third-party purchaser, Allied Bank of Texas, intervened and filed a separate suit for mandamus and injunction. Both suits were consolidated and judgment was rendered in both suits in favor of Allied Bank, ordering cancellation of the lis pendens filed by 2511 and Loeb. On April 6, 1979, Hamilton Investment Trust took a devolutive appeal. Thereafter, 2511, Inc. and Loeb took a de-volutive appeal on April 20, 1979. The ap-pellee, Allied Bank of Texas, has filed a motion to dismiss the appeal brought by 2511, Inc. and Janett Loeb, alleging the appeal was not timely filed. Thus, the sole issue before the court concerns the timeliness of 2511, Inc.’s and Loeb’s appeal.
According to La.C.C.P. 2087, the delay for taking a devolutive appeal is within 60 days of the expiration of the delay for applying for a new trial. Thus, a devolutive appeal must be filed within 67 days from the date the judgment is rendered, or, in this case, by no later than April 9, 1979. However, the 1962 Amendment to C.C.P. 2087 provides:
*762 “When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later. Amended by Acts 1962, No. 92, § 1; Acts 1976, No. 201, § 1; Acts 1977, No. 174, § 1, eff. Jan. 1, 1978.” (Emphasis added.)
In this case, an order granting a devolu-tive appeal to Hamilton Investment Trust was signed on April 6, 1979, and notice of that appeal was mailed on April 10, 1979.[1] On April 20, 1979, or ten days after mailing of the notice of appeal, 2511, Inc. and Jan-ett Loeb obtained an order of appeal with regard to that portion of the judgment rendered in favor of Allied Bank of Texas. Thus, the April 20, 1979 appeal was filed within the delays provided for in La.C.C.P. 2087. The comments to C.C.P. 2087 further support this contention:
“Comments — 1962
“(a) See Comments under original article.
(b) The 1962 amendment adds the last paragraph to this article, to provide a solution for an increasingly acute problem.
(c) The remedy afforded an appellee to have the judgment appealed from modified to grant him additional relief, through the answer to the appeal sanctioned by Art. 2133, applies only against the appellant. A judgment may be modified or revised as between appellees only through an appeal. Placid Oil Co. v. North Central Texas Oil Co., 206 La. 693, 19 So.2d 616 (1944); Coleman v. Cousin, 128 La. 1094, 55 So. 686 (1911); Laloire v. Wiltz, 31 La.Ann. 436 (1879); Succession of Jackson, 77 So.2d 194 (La.App.1955); Lanza v. Metcalf, 25 So.2d 453 (La.App.1946); Walters v. Reliance Industrial Life Ins. Co., 180 So. 880 (La.App.1938).
The difficulty presents itself in cases involving three or more parties, when one obtains an order for a devolutive appeal on the last day, and another, who should take an appeal to protect his position against any change through the first appeal, has no opportunity to do so. The problem is not a new one, see Coleman v. Cousin, 128 La. 1094, 55 So. 686 (1911); but it has been intensified and aggravated by third party practice. Under the last paragraph of this article, such an appellee is granted additional time to obtain his own appeal.”
In Allied Bank’s motion to dismiss, they rely upon C.C.P. 2133, which involves an answer to an original appeal. Allied Bank correctly states C.C.P. 2133 is not available to 2511, Inc. and Loeb as a basis for their timely appeal. However, 2511, Inc. and Loeb do not contend that they rely on C.C.P. 2133 to file their devolutive appeal. Instead, they correctly rely on C.C.P. 2087.
Accordingly, the motion to dismiss the appeal filed by Allied Bank is denied.

DENIED.

. See Transcript p. 35.