EASTERN DIST.
*May*, 1839.

JOHNSTON'S HEIRS *vs.* COX'S SYNDIC.

JOHNSTON'S
HEIRS
*vs.*
COX'S SYNDIC.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In an action by the heirs of the testator, the homologation of the executor's account is no bar to the introduction of evidence to show that the executor had received funds for which he had not accounted, or failed to put in any previous account, when it is offered before he has been discharged.

A certificate of the collector of the customs, made up from the import books of his office, stating that certain custom-house bonds were paid, is not admissible in evidence, when the provisions of the 2249th article of the code are not complied with, by first proving the loss of the originals, &c.

In case of uncertainty as to the amount due, the executor cannot complain, as it was his duty to have prevented this by rendering a correct account of his administration.

This is an action instituted by the testamentary heirs of the late James Johnston, who died in the city of New-Orleans the 3d July, 1818, against the late N. Cox, then surviving executor. The suit was commenced in December, 1834, to compel the executor to render an account, and pay and deliver over all the moneys and property of every description belonging to the estate of the deceased. During the pendency of this suit, Mr. Cox died, and it has been carried on against his syndic.

An account was rendered, which was opposed, and this formed the issue on which the principal contestation arose in the Court of Probates.

Several bills of exception were taken on the trial to decisions of the judge of probates, which are specially noticed in the opinion of this court, which follows.

The probate judge made up an account from the documents, evidence and vouchers exhibited in the case, and corrected and amended the executor's account, and gave judgment for a balance of upwards of fourteen thousand dollars due the plaintiffs. The syndic of Cox appealed.

*J. Slidell* and *Strawbridge*, for the appellant, made various objections to the account made up by the probate judge, and to his judgment, and argued the several bills of exception taken by them to the decision of the court, rejecting evidence of payments, and allowing new evidence against an account which had been homologated.

*Nixon, contra.*

*Eustis, J.,* delivered the opinion of the court.

This action was instituted against Nathaniel Cox, the executor of the late James Johnston, by the plaintiffs, the heirs of the deceased. During the pendency of the suit Cox died, and the syndic of his succession was made a party defendant. The judge of the Court of Probates rendered a judgment in favor of the plaintiffs for the sum of fourteen thousand two hundred and twenty-eight dollars and thirty-three cents against the succession, and the syndic has appealed.

A bill of exceptions was taken by the counsel for the defendant to an opinion of the court below, admitting certain evidence adduced by the plaintiffs, on the ground that a former account filed by the executor having been homologated, and the opposition thereto discontinued, no new examination of the accounts could be made, or the defendant held to any further account. But the reason of the judge in admitting the evidence is conclusive. The evidence went to establish that the executor had received funds which he had not accounted for, and the homologation of an account in a case like this, in which the executor was not discharged, is no bar to any inquiry and demand for an account of funds which may have come to the executor's hands, and which are not put in any previous account.

There is also a bill of exceptions to the opinion of the judge, in refusing to admit what appears to be a list of custom-house bonds due by the late James Johnston, and which were paid after his decease. The certificate of the collector states that the list was taken from the records of

EASTERN DIST.
*May,* 1839.

JOHNSTON'S
HEIRS
*vs.*
COX'S SYNDIC.

In an action by the heirs of the testator, the homologation of the executor's account is no bar to the introduction of evidence to show that the executor had received funds for which he had not accounted, or failed to put in any previous account, when it is offered before he has been discharged.

A certificate of the customs made up from the import books of his office, stating that certain custom - house bonds were paid, is not admissible in evidence, when the provisions of article 2249 of the code are not complied with, first proving the loss of the originals, &c.

the custom-house, and that the same have been paid to the government. Mr. Breedlove states, under oath, that the list was taken from the import book of the custom-house. The judge decided that this certificate could not be admitted in evidence, unless the provisions of the article 2249 of our code were first complied with by the party offering it. That article provides, "that when an original title, by authentic act or by private signature duly acknowledged, has been recorded in any public office, by an officer duly authorized, either by the laws of this state or of the United States, to make such record, the copy of such record, duly authenticated, shall be received in evidence on proving the loss of the original, or showing circumstances, supported by the oath of the party, to render such loss probable." As no attempt or offer was made to show what this article requires, as an indispensable pre-requisite for the admission of evidence of this kind, we think the judge decided correctly in refusing to admit in evidence the document offered.

The deceased died in New-Orleans in the year 1818. Thomas L. Harman, John Davidson, Denis de la Ronde, and Nathaniel Cox were appointed by his will executors. The three latter only acted, and their agency appears not to have been regular or continued; indeed, so much confusion appears to have attended all their doings, that no satisfactory account or explanation has been, or we presume can be given of them. Cox was the surviving executor, as we consider him. It appears that in August, 1818, he tendered his resignation as executor, to the Court of Probates, but he appears to have afterwards had almost the sole management of the estate. He alone signed the inventory of the deceased.

The plaintiffs, the children of the deceased, were minors in a foreign land at the death of their father. That he left a handsome property is proved by indisputable evidence. This is not accounted for. We have nothing before us by which we can do certain justice, perhaps, even to the succession of the deceased defendant. But it was his duty to have prevented this uncertainty, by rendering a correct

account of his administration. It was in his power alone to have rendered clear that for which we in vain seek an explanation. There is no view of this case in which we should not be disposed to award to the plaintiffs as large a sum as that allowed by the judgment of the court below; and as the plaintiffs, by their counsel, have signified to us that they are satisfied that the judgment should remain as it is, we confirm it.

The judgment is, therefore, affirmed, with costs in both courts.

EASTERN. DIST.

*May,* 1839.

In case of un-
certainty as to
the amount ·due,
the executor
cannot complain,
as it was his du-
ty to have pre-
vented this, by
rendering a cor-
rect account of
his administra-
tion.