## ROEBUCK *v.* CURRY.

Where a person of color offered as a witness is objected to as incompetent on the ground of his being presumed to be a slave, and it appears from evidence presented by the party by whom the witness was introduced that he had been emancipated by a notarial act, the witness will not be permitted to testify on the statement of another witness that he had formerly owned the person objected to, and had emancipated him a few years before. The production of the written act of emancipation, if insisted on by the opposite party, could not be disposed with, nor be supplied by secondary evidence without proof of the loss or destruction of the written instrument.

APPEAL from the First District Court of New Orleans, *McHenry*, J.   J. M. *Wolfe*, for the plaintiff.   *Budd* and *Redmond*, for the appellant.   The judgment of the court was pronounced by

KING, J.   This action is instituted to recover damages for injuries alleged by the plaintiff to have been inflicted on her slave, by a slave belonging to the defendant.   From a judgment rendered in favor of the plaintiff, the defendant has appealed.

On the trial below the plaintiff offered *Thomas Burns*, a person of color, as a witness, who being objected to as incompetent to testify, his testimony was excluded until evidence could be adduced of his freedom, and time was allowed to make this proof.   A certificate was next offered, stating that *Burns* had been emancipated by an act passed before *Louis T. Caire*, a notary public in this city, which was also objected to, and excluded by the judge.   A witness was then introduced who deposed that he had formerly owned *Thomas Burns*, and that he had liberated him about three years previously.   Upon this evidence of his freedom the witness was permitted to testify, the defendant objecting and excepting to the opinion of the judge.

We think that the judge erred.   *Burns* had been held in slavery, and, except in the criminal cases specially provided for by law, could only be heard as a witness on producing evidence that he had been liberated; the evidence of that fact, if it really existed, was shown to be in writing, and its production, when insisted on by the defendant, could not be dispensed with, nor supplied by secondary evidence, without showing the loss or destruction of the written instrument. The failure to produce the act of emancipation, which was stated to be within the immediate reach of the plaintiff, after time had been allowed for that purpose, leaves room to suspect that the instrument relied on, if produced, would not have established the liberty of the witness.   In the absence of the testimony of this witness, there is no proof that the alleged injuries were inflicted by the slave of the defendant.

The judgment of the district court is therefore reversed.   It is further ordered that the cause be remanded for a new trial, with instructions to the district

ROEBUCK
*v.*
CURRY.

judge not to permit *Thomas Burns* to testify therein until legal proof of his emancipation shall have been produced. It is further ordered that the plaintiff pay the costs of this appeal.