\*FRANCOIS DUPLESSIS et al. *v.* JOHN F. MILLER.

Where wood-land lying between two tracts of land, the ownership of which is disputed, has not been possessed or enclosed by either, both having been in the habit of cutting wood from it, neither of the parties can claim by prescription.

Where both parties claim under a confirmed Spanish grant; the first confirmation must take the land.

APPEAL from the District Court of St. Martin.  *Overton, J.   W. B. Lewis* and *E. O. Brent*, for plaintiffs.  *Morse* and *Nichols*, for defendant.  The judgment of the court was pronounced by `  .:`

ROST, J.   We are of opinion that the bills of exception in this case were well taken.  The copies of original titles and mesne conveyances found in the records of the land office, are nothing more than the evidence adduced before the special tribunal established by Congress for the adjustment of land titles.  The register can no more certify that evidence under the general powers vested in him, than the clerks of our courts have authority to certify the evidence adduced in the trial of cases, and taken down in writing.

If the originals are lost, their existence and contents may be proved by secondary evidence; but the certificate of the register is no evidence at all.  He should have been examined as a witness, and made to testify to the verity of the record.

If we considered the original muniments of title of the plaintiffs as material to their cause, we would deem it our duty to remand the case; but as the opinion we have formed on the merits would be unaffected by their introduction in evidence, we will proceed to the final adjudication of this controversy.

This is a petitory action; both parties have obtained confirmations from the United States, and both claim title by prescription.  After a thorough examination of the evidence, we are satisfied that the plea of prescription is equally untenable on both sides.  The land in controversy is wood-land; it is claimed as forming a part of two tracts of land, one of which is occupied and owned by the plaintiffs, and the other by the defendant.  It has never been enclosed by either.  The only evidence of acts of possession, is the testimony of a witness, who states that he has seen both the plaintiffs and the defendant cut wood upon the land, since they both took actual possession of the cultivated portion of their respective tracts.  It is not even shown, satisfactorily, which of the two first went into possession, although the evidence preponderates in favor of the defendant.

Under that state of facts, the rights of the parties must be determined upon their titles.

The plaintiff does not pretend to have a title in form.  He admits that he claims under an *inchoate* Spanish grant.  His application to the land office for the confirmation of that grant, was reported upon favorably, on the first of May, 1815, and confirmed by an act of Congress, approved on the 29th of April, 1816.

The title of the defendant is a confirmation by the board of commissioners, bearing date the 13th of July, 1812.

---

\* This case was decided at the September term, 1850, but was not furnished to the Reporter that year.

EUSTIS, C. J., was not present during the term,

Neither party having a title in form at the change of government, under the authority of the case of *Chouteau* v. *Ekhard*, 2 Howard, 344, assented to by us in the case of *Pontalba* v. *Copeland*, 3d Ann. 88, and in subsequent cases, the confirmation first in date must take the land.

It is urged, that the party who obtained the confirmation set up by the defendant, had committed a fraud upon the plaintiffs. Even if he did, subsequent *bonâ fide* purchasers cannot be affected by that fraud.

The judgment of the district court is affirmed, with costs.

SLIDELL, J. and PRESTON, J.    As at present advised, we are not prepared to assent to the rule of evidence laid down by Judge Rost, that copies of the record of documents in the land office, duly certified by the register of the land office, the original documents being lost, are not admissable in evidence. The adoption of the rule is not essential to the decision of this case, as without it, the judgment of the district court should be affirmed.