No. 9794.

J. G. MERCIER ET AL. VS. PATRICK HARNAN.

The best evidence must be produced.

A copy of a copy is not admissible in evidence unless the original is alleged and proven to be
lost, and that a copy thereof cannot be obtained.  C. C. 2268, 2269, 2270, 2279, 2280 ; 6 N.
S. 208; 2 Ann. 998; 6 Ann. 683; 7 N. S. 550; 5 N. S. 175; 13 L. 536.

APPEAL from the Civil District Court for the Parish of Orleans.
  *Rightor*, J.

*James Timony & F. Michinard* for Plaintiff and Appellee.

*Jos. H. & J. Z. Spearing*, for Defendant and Appellant :

The opinion of the Court was delivered by

TODD, J.   The plaintiffs sue to recover certain immovable property
described in their petition, and to annul a tax title of the same, made
to the defendant in possession.

The plaintiffs claimed to be owners of the property by inheritance
from their mother, Henrietta Antoinette Corinne Smith, wife of Dr.
Armand Mercier.   They deny that Dr. Mercier ever owned the prop-
erty, though the same was assessed in his name, but aver that it
belonged to Mrs. Mercier, and was donated to her by her mother
at her marriage, in 1837, and constituted a part of her dotal effects
under her marriage contract, passed in said year, before two notaries,
in Paris, France, where the marriage was celebrated.

There was no motion filed to dismiss the appeal, but the counsel for
plaintiffs' counsel suggest, in their brief, that this court is without
jurisdiction *ratione materiæ*, alleging that the value of the property is
below the jurisdictional amount.

The plaintiffs, in their petition, allege the property to be worth.
over $2100.   The defendant, in his answer, alleges its value at $3000,
and in this court has filed his affidavit asserting its value at said sum
The evidence in the record shows it was assessed at from $4000 to
$4500 in different years.

The amount of its adjudication at the tax sale is no test of its actual
value in the face of the above.   We have jurisdiction of the cause.

On the trial the plaintiffs, to prove their ownership of the property

in dispute offered in evidence an abstract from the records of the office of the Recorder of Mortgages of New Orleans, which purported to be the record of a copy of the marriage contract referred to, under which the mother of the plaintiffs acquired title to the property in controversy.

The admission of this record was objected to, subtantially, on the ground that it was not the best evidence, that it was but a copy of a copy, and offered without averment or proof of the loss or destruction of the original act or the copy thereof, purporting to be recorded and without proof or allegation that another copy of the original could not be obtained.

This objection was overruled, and the record admitted, to which exception was made and noted.

The judge erred in his ruling. The objection embodied an elementary principle found in every work on evidence, and so completely consecrated by established jurisprudence as to dispense with any citation of authorities to support it.

This appears to be the sole evidence of the plaintiffs' title to the property to be found in the record.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, which was in plaintiffs' favor, be annulled, avoided and reversed, and that the suit be dismissed as of non-suit, at plaintiffs' cost in both courts.