(37 South. 858.)

No. 15,326.

RUDDOCK CYPRESS CO., Limited, v. PEYRET.

(Jan. 16, 1905.)

DOCUMENTARY EVIDENCE—COPIES OF COPIES.

1. Copies from the book of conveyance of the clerk and ex officio recorder's office are copies of copies, and, as such, not admissible in evidence.

(Syllabus by the Court.)

Action by the Ruddock Cypress Company, Limited, against Jean Peyret. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Reversed.

See 111 La. 1019, 36 South. 105.

Lievin De Poorter, for applicant. Robert J. Perkins, for respondent.

PROVOSTY, J. This case is before us on writ of review to the Court of Appeal. It is a petitory action. Both parties trace their title to the state. Several links in the chain of plaintiff's title were sought to be established by copies made by the clerk of court (ex officio recorder) from the conveyance book in his office. The book is a copy of the original acts, and, as a matter of course, the copies from it are the copies of copies. Their admission in evidence was objected to on that ground, and a bill of exception was duly reserved to the ruling of the court admitting them.

The objection was again urged ineffectually in the Court of Appeal, and the following authorities were cited: Civ. Code, arts. 2268, 2269, 2279, 2280; Coleman v. Breaud, 6 Mart. (N. S.) 208; Roebuck v. Curry, 2 La. Ann. 998; Duplessis v. Miller, 6 La. Ann. 683; Norwood v. Green, 5 Mart. (N. S.) 175; Johnston's Heirs v. Cox's Syndic, 13 La. 536; Mercier v. Harnan, 39 La. Ann. 941—which are conclusive. The objection should have been sustained, and the evidence ruled out. This being done, the case of plaintiff is without support.

It is therefore ordered, adjudged, and decreed that the judgments of the district court and of the Court of Appeal be set aside, and that this case be remanded to the district court for further trial; the plaintiff to pay all costs of the appeal and of the proceedings in this court.

---

[1] 1 South. 410.