McCALEB, Justice.
 

 Plaintiffs, the widow and heirs of Thomas J. Woods, brought this action in the Seventeenth Judicial District Court for the Parish of Terrebonne -against the Sheriff and Ex Officio Tax Collector of that Parish, the widow and heirs of Dr. Leon J. Jastremski, ' Otho Crochet, Allen J. and Claude Ellender, the Louisiana Land and Exploration Company and the Texas Company, seeking a judgment annulling a tax adjudication made to the State in 1890 in the name of Thomas J. Woods and decreeing them to be the owners of Caillou Island in Terrebonne Parish. From an adverse judgment of the District Court dismissing their suit on exceptions of want
 
 *1095
 
 of interest and no right of action filed by the defendants, plaintiffs have prosecuted this appeal.
 

 Plaintiffs allege in their petition that Thomas J. Woods acquired Caillou Island by purchase from Francois Viguerie by act recorded in Book No. 2, folio 425, dated September 13, 1884, of the Conveyance Records of Terrebonne Parish, the property being described as “Fractional Section 30, Township 23 South, Range 20 East, and Lots 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of Section 25, Township 23 South, Range 19 East, which lands embrace four hundred fifty-nine and eighty seven one hundredths (459.87) acres being all of Caillou Island.” They further aver that in the years 1888 'and 1889, there was assessed in the name of Thomas J. Woods in the Parish of Terrebonne “325 acres in Township 23 South, Ranges 19 and 20 East on Caillou Island” which was an insufficient description and less acreage than was embraced in the ownership of said Woods; that, during the year 1890, the Sheriff and Ex Officio Tax Collector adjudicated these 325 acres of land to the State of Louisiana for non-payment of taxes, which adjudication is null and void for the reason that the description in said assessment was too vague and indefinite to identify any property whatsoever and that, therefore, said adjudication should be annulled and set aside. Plaintiffs further allege that, although there appears of record in Book “QQ” folio 405 et seq. of the conveyance records of Terrebonne Parish, what purports to be a certified copy, dated September 29, 1896, of a conveyance by O. B. Steele, Auditor of the State of Louisiana, to the Board of Commissioners of the Atchafalaya Basin Levee District of lands adjudicated to the State in which a part of the lands owned by Thomas Woods is listed, and which is followed by a certified copy of a purported conveyance signed by W. W. Heard, Auditor of the State on June 6, 1895, and another purported conveyance by W. W. Heard on August 10, 1895, of the same lands, said instruments are void and of no effect and that, in truth and in fact, the State Auditors, Steele in 1891 and Heard in 1895, did not validly part with title to said lands in favor of the Atchafalaya Basin Levee District.
 

 It is further alleged that the conveyance records of the Parish of Terrebonne further show that the Atchafalaya Basin Levee District conveyed and quitclaimed a part of the property now in dispute to Charles A. Burkett and another part to the defendant, Louisiana Land and Exploration Company, and that the heirs of the said Burkett later transferred title to other persons through whom the other defendants in the case are now claiming.
 

 Wherefore, plaintiffs prayed that all of the defendants be cited to appear and answer and that, after due proceedings had, there be judgment in their favor and against the Sheriff and Ex Officio Tax Collector and the other defendants, recognizing plaintiffs to be the owners of Caillou Island and annulling the tax adjudication of 1890 under the assessment made in the name of Thomas J. Woods.
 

 To this petition the defendants filed the following pleas and exceptions:
 

 
 *1097
 
 (1) Exception of peremption or prescription based upon Article 233 of the Constitution of 1898 and 1913 and Section 11 of Article X of the Constitution of 1921.
 

 (2) Pleas of prescription of ten and thirty years liberandi causa.
 

 (3) Exception of no cause of action, And
 

 (4) A plea of want of interest and an exception of no right of action.
 

 In support of these pleas and exceptions, the defendants were permitted to introduce certain documentary evidence, which evidence was taken into consideration by the trial judge when the case was submitted to him for decision. After hearing arguments in the matter, the judge sustained the exception of want of interest and of no right of action and dismissed the suit. He refrained, however, from passing on the other pleas and exceptions interposed by the defendants. In these circumstances, we shall confine our discussion to the question of the correctness of the judge’s ruling on the exception of want of interest and no right of action.
 

 When the case was submitted to the judge for his decision, the defendants offered, over the objection of plaintiffs, the following evidence:
 

 (1) A certified copy of the original of a tax adjudication from the Estate of one E. W. Blake to the State of Louisiana dated May 28, 1894, recorded July 5, 1894, in COB “00” folio 709, from which it appears that the Sheriff of the Parish of Terrebonne adjudicated to the State in the name of the Estate of E. W. Blake (for delinquent taxes of 1893) the following lands: “700 acres of land being lots 1, 2, S, 6, 7, 8, 9 and 10 of Section 25, and lots 1 and 2 of Section 27 and fractional Sections 19 and 30, Ts. 23 and 24, S. Rs. 19 & 20 E. Caillou Island.”
 

 (2) A document recorded in Conveyance Book “YY”, folio 114, which appears to be the inscription of the original of the last list of property contained in the document recorded in Book “QQ”, folio 405, and which includes the above described lands adjudicated in the name of the Estate of E. W. Blake in 1894, reading as follows:
 

 “I, W. W. Heard, Auditor of the State of La. acting in obedience to Act No. 97 of 1890, do hereby grant, bargain, transfer, convey, and deliver unto the Board of Commissioners of the Atchafalaya Basin Levee District, all of the above and foregoing described lands situated in the Parish of Terrebonne, they having been acquired by the State of La. at a tax sale for the nonpayment of taxes and not redeemed within the time prescribed by law.
 

 “Witness my official signature and seal of office this the 10th day of August, A.D., 1895.
 

 “(Signed): W. W. Heard, Auditor (LS)
 

 “Recorded April 30, 1903.
 

 “C. A. Celestin
 

 “Clerk.”
 

 It is defendants’ contention that the foregoing documents, offered in support of their exception, clearly show that the plaintiffs are without a right of action and that they have no interest whatever in the lands in contest. They say that, even if it be
 
 *1099
 
 conceded that the tax adjudication which was made by the Sheriff and Ex Officio Tax Collector in the year-1890 upon the assessment made in the name of plaintiffs’ ancestor, Thomas J. Woods, is null and void for want of proper description of the land (which is the complaint made by plaintiffs in their petition), plaintiffs have no standing in court for the reason that all of the property on Caillou Island, which is now claimed by plaintiffs, was subsequently adjudicated to the State in 1894 on the assessment made in the name of Blake (excepting lots 3 and 4 of - Section 25 which are not claimed by defendants) ; that said adjudication of 1894 stands unattacked by plaintiffs and is presumed to be valid under Section 11 of Article X of the Constitution of 1921; that furthermore, as appears from the conveyance record book “YY” folio 114, offered in evidence, the State Auditor, in obedience to the provisions of Act No. 97 of 1890, conveyed these lands to the Atchafalaya Basin Levee District, from whom all defendants deraign their title and that, a? a result of that conveyance, plaintiffs are without any interest in the premises.
 

 The plaintiffs maintain, on the other hand, that the defendants’ contention is not tenable. Their counsel assert in oral argument and in brief that, while they recognize that the tax adjudication in the name of the Estate of E. W. Blake of the lands on Caillou Island, now in contest, cannot be assailed by plaintiff since it is now too late, in view of the provisions of the Constitution, for them to contest the validity of that adjudication, the plaintiffs nevertheless have a right of action and an interest in the lands for the reason that it has not been shown by the introduction of probative evidence that the State has ever been divested of its title to the lands under the Blake adjudication and that, under the provisions of Act No. 72 of 1928, amending and reenacting Act No. 41 of 1912, and section 6 of Act No. 315 of 1910, the plaintiffs, as the real owners of the property, are still vested with the right of redemption. And it is argued that the inscription in conveyance office book “YY”, folio 114, of the records of the Parish of Terrebonne, wherein a purported copy of a transfer of the lands adjudicated to the State in the name of the Estate of Blake is made by W. W. Heard, State Auditor, to the Atchafalaya Basin Levee District, was inadmissible in evidence and should not have been considered by the trial judge for the reasons (1) that it is not a copy of an original lost instrument, but a copy of a copy, and (2) that it is neither an authentic act nor a private act duly acknowledged, nor a patent for land, nor a certificate of the Register of the State Land Office, nor a receipt of a receiver for land purchased from the State, nor a certified copy by a Clerk of Court of a sale or conveyance made by a Sheriff, nor a duly certified copy from the record of a judgment, order or decree of court.
 

 It will be observed from the contentions made by the parties in th'e case that the problems presented to us for determination have been narrowed down, in view of the concessions made by opposing counsel, to two questions — (1) Does plaintiffs’ inability to successfully assail the validity of the
 
 *1101
 
 tax adjudication made to the State in the name of the Estate of E. W. Blake bar them from now asserting that they have a legal claim to the land, if it be true, as they contend, that the State of Louisiana has never parted with the title it obtained under that adjudication, and (2) is the inscription of the transfer made by Mr. Heard in COB “YY”, folio 114 admissible in evidence as being a correct copy of an original document which now cannot be produced?
 

 The first question, we think, must be answered in the negative. Although plaintiffs concede, as they must, that the tax 'adjudication to the State in the name of Blake cannot now be challenged by them, due to the lapse of time, it does not necessarily follow that their interest as alleged owners of the land has been entirely forfeited — if they are right in their contention that the State has never parted with title to the lands, they still possess a right of redemption under the provisions of Act No.
 
 72
 
 of 1928. Hence, the all important question in this case is whether, as a matter of fact, the State of Louisiana parted with title to the land in favor of the Atchafalaya Basin Levee District.
 

 By Section 11 of Act No. 97 of 1890, it was provided that any lands that may hereafter belong to the State of Louisiana which are embraced within the limits of the Atchafalaya Basin Levee District shall be given, conveyed and delivered unto the. Board of Commissioners of the said District “whether said lands have been, or may hereafter be, forfeited to, or bought in by or for, or sold to the State, at tax sales for non-payment of taxes, * * And it was further provided that “* * * it shall be the duty of the Auditor and the Register of the State Land Office on behalf of and in the name of the State, to convey to the said Board of Levee Commissioners, by proper instruments of conveyance the lands hereby granted or intended to be granted and conveyed to said Board * * * and when said conveyances are so recorded the title to said land, with the possession thereof, shall, from thenceforth vest absolutely in said Board of Levee Commissioners, * *
 

 It is manifest from the above quoted provisions of the statute that the State Auditor and Register of the State Land Office were charged with the plain ministerial duty of conveying all lands situated within the Atchafalaya Basin Levee District, which had been adjudicated to the State for nonpayment of taxes and which had not been redeemed, to the Board of Commissioners of the Levee District by appropriate conveyances. The lands now in contest, which had been adjudicated to the State under the assessment in the name of Blake, were in this category and W. W. Heard, then Auditor of the State, acting in obedience to- - the mandate of the law, executed a transfer of the lands over his official signature and seal. The fact that the conveyance record book does not show that the Register of the State Land Office joined in this conveyance is of no importance now since, under the provisions of Act No. 316 of 1926, all conveyances to the Atchafalaya Basin Levee District and other Levee Districts of the State have been ratified, quieted and confirmed even though such con
 
 *1103
 
 veyances were not signed by both the Auditor and the Register of the State Land Office. See Barnett v. State Mineral Board, 193 La. 1055, 192 So. 701.
 

 It is stipulated by the parties to this suit that the original document or act of conveyance by W. W. Heard to the Levee District cannot be found and the defendants, invoking the well established doctrine of secondary evidence, have offered, in support of their contention that the lands in question have been disposed of by the State, the inscription contained in Book
 
 “YY”,
 
 folio 114 which purports to be a copy of the original document signed by Mr. Heard. The basis of plaintiffs’ objection to the reception of this inscription in evidence is (1) that it is not a copy of an original document, but the copy of a copy, and (2) that, insofar as conveyances by public officers of the State of Louisiana under acts which are not either authentic or under private signature, duly acknowledged, are concerned, the provisions of our law do not permit recorded copies of originals to be received.
 

 The first complaint that the inscription in Book “YY”, folio 114, is a copy of a copy is without merit. It is clear, from an examination of the conveyance records, that the Clerk and Ex Officio Recorder has copied into the conveyance book the original deed signed by Mr. Heard under the seal of his office.
 

 The second objection of the plaintiffs, i.e., that the document offered does not come within any of the exceptions set forth in the Civil Code or other statutes of Louisiana respecting the introduction of secondary evidence in proof of a transfer of real estate, is not well taken. We entertain the view that the evidence was properly received under Article 2270 of the Civil Code, which reads as follows:
 

 “When an original title, by authentic act, or by private signature duly acknowledged, has been recorded in any public office, by an officer duly authorized, either by the laws of this State, or of the United States, to make such record, the copy of such record, duly authenticated, shall be received in evidence, on proving the loss of the original, or showing circumstances supported by the oath of the party, to render such loss probable.”
 

 This article by its terms is applicable only to cases involving authentic acts or acts under private signature duly acknowledged. Obviously, the transfer executed by Mr. Heard to the Levee District was not a private act duly acknowledged. However, it was an act executed by an officer of the State under the seal of his office in obedience to an act of the Legislature. Hence the question arises — was this an authentic act within the meaning and contemplation of the law? Counsel for the plaintiffs argue that it cannot be so regarded because it does not come within the definition of an authentic act as set forth in Article 2234 of the Civil Code, which declares:
 

 “The authentic act,
 
 as relates to contracts,
 
 is that which has been executed before a notary public or other officer author-' ized to execute such functions, in presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. * * *” (Italics ours).
 

 
 *1105
 
 It seems dear that, if the definition given in the above quoted codal article was intended to be a complete one and to include all authentic acts, then counsel for plaintiffs are correct in their contention because the deed executed by Mr. Heard was not signed in the presence of two witnesses and passed before a notary public. However, a casual reading of Article 2234 makes it plain that the definition given therein has reference only to contracts between private parties before a notary public and not to transfers made by State Officers of state lands in accordance with statute and under the seal of their office. This is clearly demonstrated by the opening phrase of the article which reads: “The authentic act, as relates to contracts * * The clause “as relates to contracts” qualifies and limits the subject of the sentence “the authentic act”. In other words, this qualification is a recognition by the Legislature that there are types of authentic acts other than those which relate to contracts. It cannot be said that the deed by Mr. Heard to the Levee District was a contract. It Vas a donation or an absolute grant of State property by the State itself to one of its political subdivisions for the use and benefit of the latter.
 

 Being of the opinion that the definition given in Article 2234 of the Code of an authentic act relates to contracts only and that an act may be authentic in certain other instances without, it being passed before a notary and two witnesses, the question arises whether the deed by Mr. Heard to the Levee District is an authentic act in its broader meaning. If it is an authentic document it follows that the evidence tendered by the defendants is admissible under Article 2270.
 

 The word “authentic” means authoritative, reliable, trustworthy, real, pure, true or genuine, and Webster’s new International Dictionary defines it as applied to law to be an act “vested with due formalities and legally attested.” Bouv.Law Diet., Rawle’s Third Revision, vol. 1, page 292, declares that an authentic act is in Civil Law: “An act which has been executed before a notary or other public officer authorized to execute such functions, or which is testified by a public seal, or has been rendered public by the authority of a competent magistrate, or which is certified as being a copy of a public register.”
 

 The instrument executed by Mr. Heard falls, we think, squarely within these definitions. Mr. Heard was a public officer, i.e., Auditor of the State, and by the specific terms of Section 11 of Act No. 97 of 1890 he was charged with the ministerial duty of conveying all lands situated within the Levee District, which had been forfeited to the State for non-payment of taxes, to said District. It cannot be doubted that, if his original act was available, it would be admissible in evidence without proof being made as to the genuineness of his signature, for there is a presumption that an act signed by a public officer under his official s.eal is genuine and is full proof of the agreement contained in it. Hence, if the original act was admissible without further formalities, then the copy of the original which was recorded in the Conveyance Office of Terrebonne Parish is likewise ad
 
 *1107
 
 missible under Article 2270 of the Civil Code where it is shown that the original is not available as in this case.
 

 The provisions of Article 2270 have been given a broad interpretation by the courts. See White v. White, 156 La. 324, 100 So. 442; Schultz v. Kellar, 17 La.App. 651, 136 So. 220; and Parish of Jefferson v. Texas Company, 192 La. 934, 189 So. 580.
 

 In White v. White, supra, the question presented was whether an act, which was neither authentic nor one under private signature duly acknowledged (for the reason that the Notary had signed as one of the two subscribing witnesses), was admissible in evidence. In holding that the act was properly received under Article 2270 because it appeared that the plaintiffs had signed the original document which had been mislaid or lost, we said [156 La. 324, 100 So. 443]:
 

 “The only reason why the article [2270] is worded as it is, is to' make clear that the copies expressly referred to therein are admissible without further proof than the proof afforded by the copies made from the record of the authentic act, or of the act under private signature, duly acknowledged, that the original was actually signed by the parties thereto.” (Brackets ours).
 

 The interpretation given to the language of Article 2270 in the White case is pertinent here, for there it was held that the only reason why the article limits the use, as secondary evidence, of the recorded copies to authentic acts and acts under private signature, duly acknowledged, is because those acts are prima facie proof of the genuineness of the signatures of the parties executing them. Since we find that, if the original act of Mr. Heard had been available, it would have been admissible in evidence without the necessity of establishing the genuineness of his signature, the ruling m White v. White is applicable and the inscribed copy of the recorded act is admissible under Article 2270 of the Code.
 

 Counsel for plaintiffs, in support of their argument that the recorded inscription of the transfer by Mr. Heard is not admissible in evidence, rely heavily upon the case of Ruddock Cypress Co. v. Peyret, 113 La. 867, 37 So. 858. The decision in that case is not apposite to the question presented in the instant matter. There the plaintiff sought to establish its title by the copy of a copy of -an original act, and the court correctly rejected the evidence. Furthermore, it does not appear from the decision that the original act was unavailable to the plaintiff and, hence, resort to secondary evidence was not permissible.
 

 Finally, we consider the contention made by the plaintiffs that the trial judge erred in dismissing their suit absolutely and that he should have, at least, maintained their demand with respect to lots 3 and 4 o.f Section 25 as to which the defendants admit that they do not claim either as owners or possessors.
 

 This contention is well founded. Lots 3 and 4 of Section 25 were not included in the adjudication to the State under the assessment in the name of Estate of E. W. Blake in 1894. In fact, the record does not show that these lots have ever been adjudicated to the State, unless it be that
 
 *1109
 
 they are included in the 325 acres which were adjudicated in 1890 under the assessment in the name of plaintiffs’ ancestor, Thomas J. Woods. If they were included, the question arises whether this adjudication is valid or not. If it is void, as plaintiffs contend, they are still the owners of these lots. If plaintiffs do not succeed on this point and title to the lots are still in the State, plaintiffs have the right to redeem them under Act No. 72 of 1928.
 

 The decisions in Succession of Todd, 165 La. 453, 115 So. 653, and State ex rel. Woods v. Register of State Land Office, 189 La. 69, 179 So. 38, depended upon by the defendants, are not pertinent here, for tne reason that none of the defendants are asserting any claim to Lot? 3 and 4 of Section 25' and they do not suggest that anyone else is either in possession or claims ownership of them. Under these circumstances we must assume that the only necessary party defendant is the Sheriff and Ex Officio Tax Collector and he is before the Court.
 

 For the reasons assigned, the judgment appealed from is reversed insofar as it dismisses plaintiffs’ demand against the Sheriff and Ex Officio. Tax Collector for the Parish of Terrebonne for the annulment of the tax adjudication to the State of Louisiana, recorded on November 28, 1890, under an assessment in the name of Thomas J. Woods and for a decree recognizing them to be the owners of Lots 3 and 4 of Section 25, Township 23 South, Range 19 East, and the case is remanded to the Seventeenth Judicial District Court for the Parish of Terrebonne for further proceedings as to the above described lots, in accordance with law and not inconsistent with the views herein expressed. In all other respects the judgment appealed from dismissing plaintiffs’ suit as to all other defendants is affirmed at plaintiffs’ cost
 

 O’NIELL, C. J., concurs in the decree.
 

 PONDER and ROGERS, JJ., absent.