I agree with the majority opinion in this case that the adjudication of plaintiff's property to the state in 1936 for nonpayment of the taxes was legal and valid. Also that the sale from the state to Poe in 1943 of the land was valid and divested the state of title to the land, reserving to the state the mineral rights.
In my opinion, plaintiff has a right to redeem from the state these mineral rights upon the payment of all taxes due the state and its political subdivisions, for the following reasons:
Under the provisions of Section 62 of Act 170 of 1898, as amended, (Dart's Stat. § 8466), the owner or any person interested personally as heir, legatee, creditor or otherwise, has the right to redeem from the state any lots or lands adjudicated to the state for unpaid taxes, so long as the title to the property remains in the state, on the payment of all state, parish, district and municipal taxes, even though the redemptive period has expired. Admittedly, the state still owns the mineral rights in the property, and the plaintiff, as the original owner and tax debtor, has a right to redeem any and all of the property still held by the state on the payment by her of all taxes due on the property, which she has offered to pay. Woods v. Jastremski et al, 201 La. 1092, 11 So.2d 4.
The sale or reservation of the mineral rights in land creates a real right, subject to ownership separate from the land, and the owner may assert his rights of ownership in the same way that a person asserts his rights to any other immovable. And since the passage of Act 205 of 1938, a gas and oil lease is a real right and an incorporeal immovable, and the rights under the lease may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property. See Gulf Refining Co. of La. v. Glassell et al.,186 La. 190, 171 So. 846. The above mentioned Act was passed to meet the situation in the above case holding that a mineral lease was not a real right in the land, but since the passage of the above Act a mineral lease creates a real right on the part of the lessee in the same way that the sale or reservation of the minerals creates in the owner of such mineral rights a real right in the immovable.
This being true, the state owns the mineral rights in the property in the same way it would have owned an undivided interest had the state reserved such undivided interest in the sale to Poe in 1943. It could hardly be denied that plaintiff would have a right to redeem the undivided interest had the state made such a reservation, whether that undivided interest were a 1/4th, 1/50th or 1/1000th. And as the mineral rights retained by the state are of the same nature, subject to the same kind of ownership, I see no valid reason why plaintiff should not be permitted to redeem these mineral rights from the state on paying all taxes due the state and its political subdivisions.
It has been held in many cases that the state is only interested in collecting the taxes on property adjudicated to it for the nonpayment of taxes, and it is for that reason that the law permits the tax debtor to redeem the property after the *Page 780 
redemptive period has expired so long as the state has not parted with title to the property.
I agree that the quitclaim deed made by Poe to the state did not have the effect of placing the property sold him back in the state, if for no other reason, for the reason that he had already made a quitclaim deed to the plaintiff divesting himself of all interest he had in the property. In my opinion, the judgment should be amended so as to permit plaintiff to redeem the mineral rights retained and owned by the state on the payment of all taxes due.
I therefore respectfully dissent. *Page 831