173 So.2d 308 (1965)
Joseph O. GORUM et al., Plaintiff and Appellee,
v.
C. W. PRITCHARD et al., Defendants and Appellants.
No. 1376.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1965.
Rehearing Denied April 14, 1965.
Writ Refused June 8, 1965.
*310 Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellants.
Howard N. Nugent, Jr. and Lloyd G. Teekell, by Howard N. Nugent, Jr., Alexandria, for plaintiffs-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries. Plaintiffs were passengers in a car driven by the minor Jerry M. Ussery, which was slowing down to make a left turn off the highway, when it was struck from the rear by another vehicle driven by C. W. Pritchard. Named as defendants are Pritchard, Jerry M. Ussery, his father, R. A. Ussery and the latter's liability insurer, Travelers Insurance Company. After a trial on the merits the district judge found the accident was caused solely by the negligence of the host driver, Ussery. From this judgment Ussery and his insurer appealed. Plaintiffs did not appeal or answer the appeal.
The essential issue is whether there was any negligence on the part of the left turning host driver, Jerry Ussery.
The accident occurred at about 7:00 p. m. on the night of November 18, 1961, just north of the city limits of Pineville. At the scene, U. S. Highway # 165 is two-laned, two-way, hard surfaced, 24 feet wide, with graveled shoulders about 9 feet wide. The highway runs straight, approximately north and south, through hilly terrain in this suburban area. The collision was near the entrance to the King's Drive-in Theatre, which is on the east side of the highway.
Jerry Ussery was driving south with his lights on. His fiancee was a passenger on the front seat and the two plaintiffs, Mr. and Mrs. Charles Gorum, were on the back seat. They were going to the King's Drive-in Theatre. Ussery slowed down to turn and to allow several cars approaching from the south to pass, before making his left turn into the theatre. There is no contention Ussery slowed suddenly. While he was thus proceeding slowly, in his own lane of traffic, at a point about 30 feet north of the theatre entrance, he was struck violently from the rear by the Pritchard automobile. Ussery did not see the Pritchard vehicle prior to the collision. The two vehicles hung together and moved about 148 feet forward on the highway, where they caught fire and burned.
Pritchard testified he was going south with his lights on dim, because of the approaching traffic, and didn't see the Ussery automobile until about 75 yards from it. He applied his brakes and skidded into the forward vehicle. Of course, he was not attempting to pass and couldn't because of the oncoming traffic.
There is some dispute as to whether Ussery gave a left turn signal with his blinker lights. Ussery testified he turned on his blinker when about 75 yards from the theatre entrance. Pritchard testified he did not see any lights on the Ussery car, but saw only the back of the vehicle. There is no other testimony on this issue.
The statutory provisions applicable at the time of this accident in 1961, as to the duty of a left turning motorist, were as follows:
LSA-R.S. 32:235[1] provided:
"B. Except as otherwise provided in this Section, the driver of a vehicle *311 * * * when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning to the left."
* * *
LSA-R.S. 32:236[2] provided:
"A. The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this Section, plainly visible to the driver of such other vehicle, of the intention to make such movement."
* * *
LSA-R.S. 32:237[3] provided:
"E. The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon."
Under these statutory provisions the defendant, Ussery, intending to make a left turn, was required to give a left turn signal and then to stay in his own traffic lane near the center line and to yield the right of way to any vehicles approaching from the front or to any vehicles attempting to pass from the rear. "Yielding the right of way" does not mean here, and plaintiffs do not contend, that the left turning motorist must get off of the highway. See a full discussion in Johnson v. Wilson, 97 So. 2d 674 (1st Cir.1957), reversed at 239 La. 390, 118 So.2d 450 on other grounds, i. e., that the left turning driver had already started his turn and was across the center line when he struck the following vehicle which was attempting to pass.
As we understand it, plaintiffs principal contention is that Ussery was negligent in not seeing the Pritchard car in his rear view mirror just prior to the impact. This was the basis of the trial court's finding of negligence on the part of Ussery. We quote the following portion of the district judge's opinion dictated into the record at the conclusion of the trial:
"As I view the case, it's a case where Ussery was attempting to make a left turn, he had not yet commenced the left turn at the time the accident occurred, but he was travelling at a very slow rate of speed, as I gather hardly above a walk or fast trot, and he was to make his left turn at night on a heavily travelled highway where there was traffic on the highway, and apparently didn't check traffic behind him. He was just going to make a left turn without checking traffic behind him and in situations like that the cases are replete that that's negligence with a capital `N'.
We doubt seriously that Ussery was negligent in failing to see the Pritchard car to his rear. Ussery explained that he had glanced to the rear as he approached the theatre entrance and then, just prior to the collision, his view was directed toward the oncoming traffic, which had to clear before he made his turn. Certainly Ussery was required to look to the rear before making a left turn, in order to see that he would not interfere with a rear car trying to pass at that time. However, he had not reached this point. He was still 30 feet from the theatre entrance, was moving slowly and had not stopped. Furthermore, Pritchard was not attempting to pass. He could not, because of the oncoming traffic.
However, even if we were to assume that Ussery should have been looking in his *312 rear view mirror and observing Pritchard behind him, at the time of or immediately before the collision, such deficient observation had no causal connection with the accident. There was nothing Ussery could have done to avoid the impact, if he had seen the Pritchard car. Certainly it is not shown by the evidence that Ussery could and should have seen, in time to avoid the accident, that Pritchard was unable to stop.
There is a factual issue as to whether Ussery gave a left turn signal, as required by the statute. Ussery testified he didn't give an arm signal because the weather was cold and his car window was up. He said his left turn blinkers worked and that he turned them on when about 75 yards from the theatre entrance. Pritchard testified he did not see any lights on the Ussery car. There is no other testimony regarding the question. The trial judge made no finding on this factual issue. In this situation, Ussery must prevail under two rules of evidence. First, Ussery's positive testimony outweighs Pritchard's negative. Leger v. Texas & P. R. Co., 67 So.2d 775. Second, plaintiffs had the burden of proving Ussery negligent in this respect.
In essence, the present case is similar to several cited by defendant involving situations where the driver of the forward car, preparing to make a left turn, was struck from the rear by a following vehicle, and the court found the accident was caused solely by the negligence of the rear driver. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); August v. Delta Fire & Casualty Co., 79 So.2d 114 (1st Cir. 1955); Goutierrez v. Travelers Insurance Co., 107 So.2d 847 (1st Cir.1959).
In the Burns case the court said:
"`The driver of the rear car must keep a safe distance behind the front car and must have his machine under such control as to avoid injury to the car ahead or to his own car so long as the driver of the front car is driving in accordance with his rights. The evidence in this case shows that plaintiff was not operating his car in accordance with this rule. He was driving his automobile at an excessive rate of speed, paying little or no attention to the surrounding facts and circumstances, with the result that he suddenly came upon a truck that was slowing down (preparatory to making a left turn), causing plaintiff to turn to the left in order to avoid a rear-end collision. In other words, the record in this case discloses that the accident was caused by plaintiff's negligence and not by the negligence of defendants' truck driver.'"
Here Ussery was driving in accordance with the rights and duties of a left-turning motorist. The accident was caused solely by the negligence of Pritchard in failing to keep a proper lookout ahead, or following too close, with the result that he was unable to stop in time to avoid colliding with the forward car as it slowed in a lawful and normal manner to make a left turn.
A final issue arises out of the fact that while the Ussery car was coasting down a hill, about 350 to 400 feet north of the theater entrance, the motor died. Ussery quickly turned the ignition switch and restarted the motor. Even accepting as true the testimony of plaintiff's expert automobile mechanic that the restarting of the motor would cause an additional "drag" on the battery and reduce the brightness of Ussery's lights by about 30%, they were still sufficiently bright for a following car to see them. We agree with the trial judge that this incident had nothing to do with the accident.
It is our conclusion that Ussery was free from negligence and that this accident was caused solely by the negligence of Pritchard. Plaintiffs contend that under those circumstances they are entitled to judgment against the appellee, Pritchard, even though plaintiffs have not appealed.
*313 In Vidrine v. Simoneaux, 145 So.2d 400 (3rd Cir.1962), we announced a rule which, if applied here, indicates that Pritchard has been brought before the appellate court by the appeal of his co-defendants, and that judgment may now be rendered by this court in favor of plaintiff and against Pritchard, even though the appellants have been relieved of liability.
In the Vidrine case the trial court condemned one of the defendants, Simoneaux, to pay damages, and it relieved Stelly, another defendant, from liability. Simoneaux appealed, but no appeal was taken either by the plaintiff or by Stelly. We concluded that Stelly and Simoneaux were both liable as joint tort-feasors. And, under those circumstances we felt that the appellant was entitled to have the judgment amended to hold Stelly, as well as Simoneaux, liable for the damages which plaintiff sustained. Such an amendment would have the effect of protecting and preserving Simoneaux's right to demand contribution from Stelly.
When an unsuccessful co-defendant in a tort action appeals from the judgment, we think his appeal brings up for review his right to enforce contribution against other defendants. In such a case the appellant may seek primarily the reversal of plaintiff's judgment against him. Alternatively, however, (and only in the event that plaintiff's judgment against him is affirmed), he may demand the reversal of that part of the judgment which rejects plaintiff's demands against other defendants, so that the appellant may minimize his loss through the enforcement of contribution against the other defendants. If the appellate court in that situation grants the primary relief sought through the appeal, then the alternative relief sought through that appeal becomes moot, because the appellant thereafter has no subrogatory right to enforce contribution.
In the instant suit, we have concluded that the appellants are free from liability, and thus we are granting them the primary relief which they seek through this appeal. Under this decision, the appellants have no subrogatory right to enforce contribution, so the alternative relief which they otherwise might have sought through the appeal becomes moot. The appellants could not be benefited by judgment condemning one of the appellees to pay damages to other appellees, and thus they have no interest in demanding that such a judgment be rendered. While we think the appeal taken by some of the defendants in the instant suit has the effect of bringing the appellee, Pritchard, before the appellate court, we feel that under the circumstances presented here, and particularly since the appellants have been relieved of liability and plaintiffs have not appealed, judgment may not properly be rendered on this appeal in favor of plaintiffs-appellees against Pritchard.
The cases upon which we rely particularly in arriving at this conclusion, in addition to the Vidrine case, are: Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594; True v. McDonald, La.App. 1 Cir., 161 So.2d 394; and Howard v. Insurance Company of North America, La.App. 3 Cir., 159 So.2d 560.
For the reasons herein assigned, the judgment appealed is amended so as to reject plaintiffs' demands and to dismiss their suit as to the defendants, Jerry M. Ussery, R. S. Ussery, and Travelers Insurance Company. In other respects, the judgment appealed is affirmed. All costs in the lower court, as well as the costs of this appeal, are assessed to plaintiffs-appellees.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Now LSA-R.S. 32:101.
[2] Now LSA-R.S. 32:104-32:106.
[3] Now LSA-R.S. 32:124.