HOOD, Judge.
Plaintiff, Webster Southall, instituted this action in behalf of his two minor children, claiming damages for injuries sustained by the two children as the result of a rear-end motor vehicle collision. One of the automobiles involved in the accident was being driven by plaintiff’s wife and the other was being driven by Mrs. Betty Budden. The suit was instituted against the public liability insurer of the driver of the Budden vehicle. Judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
The collision occurred about 3:00 p. m. on January 8, 1964, near the intersection of U. S. Highway 190 and Louisiana Highway 26 in Jefferson Davis Parish. Both of these highways are hard surfaced, two lane, heavily traveled thoroughfares. Traffic at that intersection was controlled by a blinking light traffic signal, which flashes an amber or caution light for vehicles traveling east and west on U. S. Highway 190, and a red blinking light for vehicles traveling north and south on the state highway.
The weather was bad at the time the accident occurred. It was raining very hard, the skies were dark and overcast, and visibility was poor.
Immediately prior to the time the collision occurred, Mrs. Budden was driving her automobile in a westerly direction on U. S. Highway 190, her purpose being tO' turn to her left, or to the south, at this intersection. When she reached the crossing, however, she noticed a truck approaching her on Highway 190 from the west, so she brought her car to a stop just before she reached the intersection in order to' let the truck meet and pass her before she undertook to make the left turn. She stated that the truck was at least one city block west of the intersection when she stopped. She remained stopped in that position long enough for the truck to reach and traverse the intersection and to pass her. After *720 the truck had crossed the intersection and had passed her car, and before she started to make her left turn, the rear of her car was struck by the front of the Southall automobile.
Mrs. Southall was driving her family car in a westerly direction on U. S. Highway 190, behind the Budden vehicle, when the collision occurred. Her two minor children, in whose behalf this suit has been instituted, were riding in the car with her. She testified that she encountered a downpouring rain about a mile or two before she reached the intersection where the accident occurred, that the rain was so heavy that she could see only about 15 feet ahead of her, and that she reduced her speed to about 20 miles per hour. The truck which Mrs. Budden had observed earlier approaching from the west met and passed the Budden and the Southall cars, and as it did so it splashed water on the windshields of these cars. Mrs. Southall stated that the splashing of water on her windshield temporarily obscured her vision, and when she was able to see ahead again she was only four or five feet from the Budden car, and she then was unable to avoid a collision. Her two children were injured as a result of the accident.
The headlights and taillights of both of these vehicles were burning at the time the accident occurred. Mrs. Budden also had turned on her directional signal lights some distance before she reached the intersection, indicating that she intended to make a left turn, and her directional signal lights continued to flash or blink until the time the accident occurred.
Mrs. Budden had observed the Southall car behind her before she reached the intersection, but she did not know how far it was from her when she stopped. The facts indicate that the Southall car must have been a considerable distance behind Mrs. Budden when the forward car was brought to a stop, because several seconds elapsed between the time the Budden car was stopped and the time the collision occurred.
The trial judge found that Mrs. Budden “was not making a left hand turn at the time of the collision, but was properly stopped, observing traffic conditions prior to making a left hand turn, and was in no way negligent.” He found that “the sole cause of the accident and resulting damages and injuries was the negligence of Mrs. South-all in failing to see what she should have seen and doing what she should have done under the circumstances.”
In contending that the trial judge erred, plaintiff argues that Mrs. Budden was negligent in bringing her car to a stop on the highway and in failing to maintain a proper lookout for traffic approaching from the rear as she attempted to make a left turn. He correctly points out that at the time the accident occurred the weather conditions were bad, visibility was restricted and Mrs. Budden knew that this was a dangerous intersection. He contends that if she had maintained a proper lookout for vehicles approaching from the rear, she would have seen the Southall car as it approached and she then could have avoided the accident my flashing her brake lights, by blowing her horn, by turning to her right (or to the north) or by continuing through the intersection and continuing to travel in a westerly direction. Her destination, of course, was to the south, and if she had turned to her right or had continued straight ahead it would have been necessary for her either to have changed her route completely or to have turned around later and to have come back to this intersection in order to travel south on State Highway 26.
 Plaintiff refers us to several provisions of the Louisiana Revised Statutes, but we find none of them to be applicable here. LSA-R.S. 32:104(A), relating to turning maneuvers made by motorists, is not applicable because Mrs. Budden was not engaged in any such maneuver when the accident occurred. She stopped in her *721 proper lane of traffic and had made no attempt to turn prior to the collision. She complied with all of the requirements of LSA-R.S. 32:104(B), relating to the signals which must be given by a motorist who intends to make a left turn, and thus there was no violation of that traffic regulation.
In view of the provisions of LSA-R.S. 32:234, a motorist is required to exercise a greater degree of caution when he proceeds through an intersection controlled by a yellow flashing traffic light than is required when he enters an uncontrolled intersection. See State Farm Mutual Insurance Company v. Merritt, 185 So.2d 832 (La.App. 3d Cir. 1966), and Wallace v. Travelers Insurance Company, 195 So.2d 712 (La.App. 1st Cir. 1967). In the instant suit, however, we cannot agree that Mrs. Budden was negligent in failing to exercise this added degree of caution as she approached the intersection where this accident occurred. Her taillights were burning, her directional signal lights indicating a left turn were turned on some distance before she reached the intersection and they continued to blink until the time of the accident, and before she attempted to make a left turn she yielded to oncoming traffic and endeavored to ascertain that such a maneuver could be made safely. In our opinion she exercised the degree of caution which was required as she approached this intersection.
We find no merit to the argument that Mrs. Budden violated LSA-R.S. 32:141 in bringing her car to a stop at the intersection. It would not have been practicable for her to have stopped off the paved portion of the highway, or to have turned to her right or to have continued straight ahead, one reason being that any such maneuver would have made it necessary for her to make several more turns and then to traverse the same intersection again. In its stopped position, the Budden car occupied only the west-bound lane of traffic. The east-bound lane was the proper one to be used by the vehicles which were meeting Mrs. Budden, and that lane was left for the free passage of those vehicles. No vehicles should have overtaken and passed her then because she was at an intersection. The defendant’s insured was able to see an approaching truck when it was at least a city block away, and that indicates that a clear view of her stopped vehicle was available for a distance of 200 feet. We make no determination as to whether LSA-R.S. 32:141 is applicable under the circumstances presented here. Assuming that it is applicable, however, we conclude that Mrs. Budden complied with the provisions of that section of the Revised Statutes when she brought her car to a stop.
Plaintiff has cited a number of cases which hold that a left turn is a dangerous maneuver, and that the driver of a vehicle on the highways of the state shall ascertain before making such a turn that the maneuver can be made safely and without unduly delaying traffic approaching from either direction. All of these cases involved accidents which occurred while a motorist was engaged in making a left turn. They are not applicable here because Mrs. Bud-den was not engaged in making such a turn when this accident occurred.
Mrs. Budden had the right to make a left turn at this intersection, provided that she first took the precautions which have just been mentioned. She was engaged in taking these required precautions preparatory to making such a turn when the accident occurred. The stopping of her car at the intersection was not a purposeless act on her part. On the contrary, it was a necessary safety measure which she was under a duty to take before she began her left turn maneuver. It is true that the stopping of her car at the crossing might have caused a following motorist to be delayed a few moments until traffic cleared enough for the turn to be negotiated, but the following driver would not be delayed “unduly” by the taking of this precautionary measure. We also think it was reasonable for Mrs. Budden to assume that the following mo *722 torist, who was some distance behind her, would observe her taillights, her directional signal lights, the flashing traffic signal light at that intersection, and her stopped car, and that the driver of the following car would thus reduce her speed or stop in time to avoid an accident.
In our opinion the decision which we rendered in Gorum v. Pritchard, 173 So.2d 308 (La.App. 3d Cir.1965), is applicable. The plaintiffs there were guest passengers in the lead car which was slowing down preparatory to making a left turn into a drive-in theater. The following vehicle crashed into the rear of plaintiff’s car moments before the latter would have come to a complete stop and before he had actually begun the left turn maneuver. We held that the driver of the lead vehicle who intended to make a left turn did not have to get off the highway or continue straight ahead because of congested traffic conditions, but that he was required simply “to give a left turn signal and then to stay in his own traffic lane near the center line and to yield the right of way to any vehicles approaching from the front or to any vehicles attempting to pass from the rear * * * ” We recognized in that case that the driver of the lead car “was required to look to the rear before making a left turn, in order to see that he would not interfere with a rear car trying to pass at that time.” We found, however, that the following driver was not attempting to pass and that the forward driver had not begun the turning maneuver at the time the accident occurred. Although the driver of the lead car failed to see the following vehicle before the accident, we concluded that his failure to do so had no causal connection with the accident and that he thus was free from negligence.
In the instant suit we think Mrs. Budden exercised at least as much care as was exercised by the driver of the lead car in Gorum v. Pritchard. Even if Mrs. Budden had failed to observe the South-all car behind her before the accident occurred, her failure in that respect would not have constituted actionable negligence because: (1) She had not begun her left turn when the collision occurred; (2) she did not make a sudden or unnecessary stop; (3) the Southall car was not following closely behind her; (4) the following car was not attempting to pass; and (5) Mrs. Budden could not have avoided the accident after she might reasonably have detected that the following vehicle was not going to stop before colliding with her. There was no causal connection, therefore, between the accident and Mrs. Budden’s alleged failure to observe the following vehicle immediately before the collision occurred. If we apply the principles of law which were applied in Gorum v. Pritchard, Mrs. Budden must be held to be free from negligence.
It is argued further by plaintiff that Mrs. Budden was negligent in operating her automobile on a public highway at a time when visibility was greatly impaired by rain. We find no merit to that argument for two reasons. First, we have already noted that she was able to see a truck approaching her when it was at least one city block away, and thus her vision was not so obscured as to require her to stop or get off the highway. And, second, the heavy rain apparently began very shortly before the accident occurred and she did not have time to get off the highway before she reached the intersection.
Finally, we find no merit to plaintiff’s argument that Mrs. Budden had the last clear chance to avoid the accident. We have already pointed out that it would have been impossible for her to have moved her car or to have avoided the accident after she might reasonably have determined that the following vehicle could not be stopped before a collision occurred.
We agree with the trial judge that the defendant’s insured was free from negligence, and that plaintiff’s demands must be rejected.
*723 For the reasons herein set out the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.