CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained in an automobile accident. The original plaintiffs are six guest passengers in an automobile which struck the rear end of a large tank truck. The defendants are Garland Williams, driver of the automobile, Scurlock Oil Company, owner of the truck, and the latter’s insurer, The Travelers Insurance Company.
The district judge held the driver of the Scurlock Oil Company truck was free of negligence and that the accident was caused solely by the fault of Williams. However, the court found that all of the plaintiff passengers, except one of tender age, had assumed the risk of Williams driving in a careless and reckless manner. Hence, judgment was rendered only in favor of the minor against Williams. Four of the original six plaintiffs appealed.
There is little question that plaintiffs’ host driver, Williams, was negligent in *749 striking the rear of Scurlock’s truck, which was stopped on the highway to make a left turn. The substantial issue is whether the driver of the Scurlock truck was also negligent.
The accident occurred on October 12, 1963 at about 9:30 p. m. Williams was was driving his 1958 Cadillac sedan in a westerly direction on U. S. Highway 190, a two-lane, two-way, paved highway, about two miles east of Port Barre, Louisiana. The road is straight and level and the speed limit is 60 miles per hour. In his deposition, which was introduced jointly by all of the other parties to this suit, Williams testified he was going about 55 miles per hour when he first saw the Scurlock Oil Company truck approximately 100 feet ahead, in the right-hand lane of traffic, without any lights. He said that the lights of the other vehicles approaching from the opposite direction blinded his vision. He applied his brakes and turned to the left but was unable to avoid hitting the truck. The right front of his Cadillac struck the left rear of the truck. This is substantially the same version of the accident related by plaintiffs in their testimony.
The version of the accident given by Junior Levy Prather, driver of the Scur-lock Oil Company truck, is that he also had been going west on Highway 190. He intended to turn left into a private road leading to a well site. He turned on his left turn signal lights and stopped in the right-hand lane of traffic to wait for several oncoming vehicles to pass in an easterly direction. After the oncoming cars had passed, he looked into a side mirror and saw the lights of the Williams automobile approaching from the rear. He said Williams was approaching at a high rate of speed, and he did not have time to complete his left turn onto the side road before the Williams automobile would reach the truck. Hence, he remained stationary and Williams struck the rear of the truck.
The tank truck was not required to leave the paved portion of the highway and drive onto the shoulder, in preparation for its left turn. A left turning motorist may stop on the main traveled portion of the highway to allow approaching vehicles to pass. He is not required to drive onto the right-hand shoulder of the highway and stop there. Gorum v. Pritchard, 173 So.2d 308) La.App., 3rd Cir. 1965, writ refused).
Plaintiffs’ principal contention is that the truck driver testified he could have completed his left turn off the highway in ten seconds. Despite this admission, he testified he remained on the highway for approximately thirty seconds between the time the last approaching automobile had passed and the time he was struck from the rear. Plaintiffs say the truck driver was negligent in not attempting to complete his left turn.
In support of their position, plaintiffs quote from Prather’s testimony as follows:
“Q. Now, after they passed, Mr. Prater, how long were you there before the accident happened?
“A. Well, I couldn’t say definitely, sir how long I had been sitting there, but it wasn’t long and the cars had come by to pass me.
“Q. Is it your testimony that you don’t know how long it was?
“A. I would say roughly thirty, sixty seconds I was sitting there.
“Q. So after the last one passed you were there thirty or sixty seconds, is that correct, sir?
“A. No, sir, I would say thirty seconds on that.”
Defendants’ answer to this argument is that this “thirty seconds” was only an estimate by Prather. In other portions of his testimony, he makes it clear that because of the great speed of the Williams vehicle he did not have time to complete a left turn off the highway. For instance, Prather testified as follows:
“Q. How long would it take you to execute this turn ? What would you have *750 to do? In other words, after the last car passes, what did you do then?
“A. I put it in gear and like I said started to make a motion to make a left hand turn off the highway and go over the railroad tracks, but I never moved when I looked through my side mirror and I seen this car approaching at a high rate of speed, what speed I couldn’t say, but he was moving and before I could do anything he had done hit.”
* * * * * *
“Q. Why did you remain there thirty seconds ?
“A. Waiting on the oncoming cars.
“Q. No, I am talking about when you first saw the car in the rear ?
“A. Oh, when I seen the car in the rear I didn’t have time to get off of the highway. Like I said I went into the motion to move the truck and make my left turn, but if I had of — when I looked at him and seen the car coming and he was coming so fast, and it happened so fast I would have never moved the truck off of the road before he would have hit me.”
The issue is factual and depends largely on the credibility of the witnesses. The trial judge concluded that the Scurlock truck was well lighted and the driver was free of negligence. He found the sole cause of this accident was the fault of Williams. The record fully supports the factual findings of the trial judge, set forth in his written opinion as follows:
“The Court believes the testimony reveals that at the time of the collision the truck driver was driving in a prudent manner and desiring to make this turn, stopped on the highway momentarily and was thereafter struck, in fact, almost immediately struck from the rear by the Cadillac automobile. The Court further finds that the Scurlock truck was very well lighted, and believes that the driver of the truck was in no way negligent, and accordingly suit against defendants Travelers Insurance Company and Scurlock Oil Company is dismissed.
“The Court further finds from the testimony that the Williams automobile was proceeding at a tremendous rate of speed; this is borne out by several disinterested witnesses that he had passed some distance back. It was their testimony that defendant Williams had passed them going at a tremendous rate of speed. One witness even testified to the effect that Williams almost collided with a road sign, and that although he did slow down, he picked up again and very soon thereafter the collision occurred.”
As stated above, the district court found that all of the plaintiff passengers, except one of very tender age assumed the risk of the reckless manner in which Williams was driving. Hence, they were denied recovery against Williams. As to the child of tender age, the court rendered judgment in its favor against Williams in the sum of $3,000, plus medical expense.
We have carefully examined the record and fail to find that the court has jurisdiction over the person of the defendant, Garland Williams. LSA-C.C.P. Articles 6 and 7. There is no evidence of service of process on Williams. Nor has he waived objection to personal jurisdiction by making a general appearance. He filed no answer or other pleadings. He is not represented by counsel. His discovery deposition, taken before trial at the request of Travelers Insurance Company, was introduced jointly by all of the other parties to this litigation, but he was not present at the trial either in person or through counsel.
Furthermore, even if for some reason the record before us is incomplete, in that service of process was actually made on Williams, no judgment of default was ever entered or confirmed against him. Hence, issue was never joined as to Williams, and no judgment can be rendered in these pro *751 ceedings against him. Welch v. Welch, 169 So.2d 713 (La.App., 4th Cir. 1964) and the authorities cited therein; LSA-C.C.P. Articles 1571, 1701, 1702.
Since no judgment can be rendered in these proceedings against the defendant, Garland Williams, it is unnecessary for us to consider the issue of assumption of the risk.
For the reasons assigned, the judgment appealed is reversed and remanded to the district court as to the claims of all plaintiffs against the defendant Garland Williams. Otherwise, the judgment of the district court is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Reversed and remanded in part, affirmed in part.