HOOD, Judge
(dissenting).
I concur in most of the conclusions reached by my colleagues, but I cannot agree with their holding that the driver of the bus was negligent. In my opinion the majority has erred both as to the facts and as to the law.
In the first place, I think the evidence shows that the bus was completely off the paved portion of the highway and that the automobile was at least partially on the north shoulder of the highway when the collision occurred. The driver of the bus and all four passengers who appeared at the trial testified positively that the bus was entirely on the north shoulder of the road when the crash occurred. The only testimony tending to show that the bus was partially on the paved portion of the highway were opinions expressed by defendant Steely and by the state trooper who investigated the accident.
Steely, who was the driver of the car which was involved in this accident, admitted that he did not see the bus at all prior to the collision, even though the evidence shows that it was “lighted up like a Christmas tree.” He stated that he had been having trouble with his headlights, that he encountered patches of fog from time to time, and that his headlights had gone out completely at least 100 yards before he reached the bus, but that in spite of these facts he continued to drive at a speed in excess of 60 miles per hour up to the point of impact. He stated that he knew that he was on the paved portion of the highway when the collision occurred, even though his headlights were out, and he expressed the opinion that since his car was wholly on the pavement the bus also must have been partially on the hard surfaced portion of the highway.
The state trooper who investigated the accident testified that he found some debris and three “gouge marks” on the highway *253 near the scene of the accident. The easternmost gouge mark was 10 inches from the north edge of the asphalt paving and the other two marks were located six to eight feet 'west of the first one and about 18 inches from the north edge of the pavement. The trooper concluded that these marks were made by “some part of the frame or the driving mechanism of the front end of the Steely automobile.” He concedes that the marks could not have been made by either of the right wheels of the car, because the tires remained on those wheels during the accident. Nevertheless, the state trooper expressed the opinion that the extreme right side of the Steely car was 10 inches from the north edge of the asphalt paving when the collision occurred, and thus he reasoned that the bus must have been partially on the pavement.
The state trooper testified at the trial that he found debris on the westbound lane of traffic. In a deposition taken exactly one month before the trial, however, he stated that he found glass, metal, dirt and chrome from the car on the north shoulder of the highway, and that the only debris he found on the hard surfaced portion itself was some dirt and the three gouge marks which have just been mentioned.
The trooper stated that when he arrived at the scene of the accident the bus was entirely on the shoulder of the highway, parked parallel to the pavement, but that in his opinion it had been knocked or moved a distance of 20 feet west of the point where it was located when the collision occurred. The opinion which he expressed is contrary to the positive testimony of the driver and of four passengers in the bus, and it is difficult for me to rationalize how such a bus, which must be at least 20 feet long, could have been knocked a distance of not more than its length and then come to rest completely off the pavement parallel to the hard surfaced portion of the highway.
The evidence, including a number of photographs which appear in the record, shows that almost the entire front of the Steely automobile came in contact with the rear of the bus. The front of the automobile was damaged from the right headlights extending across the front grill to a point somewhere between the center of the front bumper and the left headlights. It is apparent from the evidence that if the left side of the bus did extend from “two to three feet” over the edge of the pavement, then the right front wheel of the automobile must have been at least two feet north of the north edge of the pavement or on the shoulder of the highway. The accident would have occurred, therefore, even though the bus had been parked completely on the shoulder, as I think was established by the evidence.
The trial judge completely rejected the testimony of Steely and the state trooper. He in fact ruled during the trial, correctly I think, that the opinions expressed by the state trooper were inadmissible, and he concluded, “It is this Court’s considered opinion that Mr. Steely had driven off the asphalt highway on the north shoulder prior to impact.”
Our court has held on many occasions that the trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and that his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. I cannot understand how my colleagues can reject the findings of fact by the able trial judge in this case, particularly when his findings are based on the positive testimony of witnesses who were present at the accident, while the conclusions of the majority are based solely in opinions expressed by two witnesses who did not see the bus before the accident occurred.
Assuming, now, that the facts are exactly as found by my colleagues and that the bus did extend “two or three feet” over the north edge of the hard surfaced portion of the highway, I still am unable to agree with the majority’s conclusion that the bus driver was negligent or that his actions constituted *254 a proximate cause of the accident. As noted by my colleagues, the trial judge made no determination as to whether the bus extended over the edge of the pavement. Assuming for the purpose of argument that it did, however, the trial judge said:
“ * * * However, if the work bus was not entirely on the shoulder, it is this Court’s conclusion that it was no more than 2 feet on the asphalt highway. The back end of the work bus was, as described by the State Trooper, ‘lit up like a Christmas tree’. There were approximately 4 reflectors visible from the rear in addition to 8 other lights mounted on the rear and facing aft. In addition to the two small amber passing lights located at the top of the rear of the bus, there were two approximately 8 inch in diameter amber flashing lights at the top of the rear end of the work bus also facing aft. These would be about 9 or 10 feet above the ground. About 5 or 6 feet above the ground there were 2 other turn signal indicator lights and approximately 18 inches below this were two regular park lights and/or brake lights, and, of course, the license plate light.”
The evidence in the instant suit shows that the bus had stopped to pick up two passengers at this point on the edge of the highway. It had been stopped for not more than two minutes before the collision occurred, with the motor still running and with an elaborate display of flashing lights in the back of the bus. The state trooper testified that the bus, while stopped in that position, could have been seen for a distance of at least a mile before a motorist approaching from the rear reached it. The stop was made at a “T” intersection of the highway, there were mail boxes located at the point where the bus stopped, and a special shelled area had been constructed to accommodate mail carriers and other vehicles who desired to stop there.
We have held on numerous occasions that a driver is not negligent in bringing his vehicle to a stop in the travelled lane of traffic on a highway, provided that the stop is for a reasonable purpose and that reasonable steps are taken by the driver to warn approaching motorists or to' get his vehicle off the highway. Two decisions to that effect were rendered by our court on the date the majority opinion was handed down in the instant suit. Horton v. Travelers Ins. Co., La.App., 211 So.2d 748 (No. 2356 on our docket); and Ardoin v. Menard et al., La.App., 212 So.2d 135 (No. 2359 on our docket). See also Gorum v. Pritchard, 173 So.2d 308 (La.App. 3d Cir. 1965, writ refused).
In the instant suit the stop made by the bus was for a reasonable purpose and adequate warning was given to approaching motorists. I can find no negligence on the part of the bus driver.
For these reasons I concur in that part of the majority opinion which affirms the judgment appealed from. I must dissent, however, from that portion of the judgment rendered by the majority which holds that the bus driver was negligent and which condemns | Clarence Batiste, Clifton Au-zenne and Canal Insurance Company to pay damages.