LOTTINGER, Judge.
This appeal arises out of an automobile accident wherein the automobile in which plaintiff, Mrs. Doris Strother, a guest-passenger, rear-ended an automobile being towed by a pickup truck at the point where the pickup truck and the towed vehicle had stopped to make a left turn. Plaintiff originally sued Don J. Meaux, who was riding behind the steering wheel in the automobile which was rear-ended, and State Farm Mutual Automobile Insurance Company, the insurer of Ira Strother, her husband, who was the driver of the car in which she was a passenger. Thereafter, plaintiff filed an amending and supplemental petition making Davie Meaux, Jr., the father of Don J. Meaux, a minor at the time of the accident, a defendant along with the Continental Insurance Company, his insurer. In the amending and supplemental petition, plaintiff dismissed State Farm as a defendant, but then the defendants filed a third party demand against State Farm and Ira Strother. The Trial Court rendered judgment in favor of the defendants dismissing plaintiff’s demand and also in favor of the third party defendants. Plaintiff appealed the judgment dismissing the suit against Don J. Meaux, Davie Meaux, Jr. and the Continental Insurance Company. There is no appeal by the defendants-third party plaintiffs against the third party defendants, Ira Strother and State Farm.
The Trial Judge did not favor us with written reasons for judgment, but because he found in favor of the defendants, we must conclude that his factual findings were those most favorable to defendants.
The accident happened in West Baton Rouge Parish on U.S. Highway 190 near the State Capitol Dragway. At the point of the *322 collision, U.S. 190 is a four lane highway with two lanes for west bound traffic and two lanes for east bound traffic divided by a center guard rail. Larry Meaux was driving a pickup truck and by the use of a tow bar was towing a 1968 Chevrolet Chevelle in which Don J. Meaux sat behind the wheel in order to operate the lights and be prepared to steer in case the Chevelle became disconnected from the pickup truck. These two vehicles had exited the State Capitol Drag-way and were headed west in order to make a left turn so that they could turn around and then head back east toward Baton Rouge. They had stopped in the inside lane at a crossover while waiting for oncoming traffic headed toward Baton Rouge to clear so that their turn could be made safely. A large truck-trailer combination traveling in the inside lane behind the Meaux vehicles was able to move over into the outside or right hand lane and pass, but the automobile driven by Ira Strother and in which plaintiff was a passenger, also traveling in the inside lane, did not change lanes or stop and ran into the rear of the Chevelle which was in tow causing injuries to plaintiff. The speed limit at the point of the accident is 45 miles per hour, and defendants’ witnesses, as well as plaintiff, testified that Ira Strother was traveling 58 or 60 miles per hour immediately prior to the accident. The accident happened between 8:00 P.M. and 9:00 P.M. and there is evidence in the record that the emergency flashers were engaged on the Chevelle and that the lights of the pickup truck were lit.
Plaintiff-appellant contends that the Trial Judge erred in not finding negligence oh the part of Don Meaux based on the theory that he violated LSA-R.S. 32:104 which in general provides the rules for making turns from highways and the signals required. It must, however, be pointed out that the Meaux vehicle had not commenced its turn, and was still in its lane of travel. We find this statute not to be applicable. Southall v. Employers Liability Assurance Corp., 203 So.2d 718 (La.App. 3rd Cir. 1967), writ refused, 251 La. 673, 205 So.2d 440 (1968).
Considering that the speed limit was 45 miles per hour at the point of collision, that the emergency flashing lights were operating as a warning to following traffic to proceed with caution, that at least one vehicle saw the flashing lights and passed the Meaux vehicle by use of the right hand lane, that Mr. Strother was traveling between 58 and 60 miles per hour, and that he did not see what he should have seen, we find no error on the part of the Trial Judge in finding for the defendants. Further, however, we are of the opinion that the sole proximate cause of the accident was the negligence of Mr. Strother.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs are to be paid by appellant.
AFFIRMED.